P. STERLING KERR, ESQ.
Nevada Bar No. 3978
TAYLOR SIMPSON, ESQ.
Nevada Bar No. 13956
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: taylor@sterlingkerrlaw.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

MINA DE ORO, LLC, a Nevada limited liability company; THE TOY CHEST, LLC a Nevada limited liability company,

Plaintiffs,

v.

MATTHEW BRENT GOETTSCHE, an individual, JOBEDIAH SINCLAIR WEEKS, an individual, JOSEPH FRANK ABEL, an individual, SILVIU CATALIN BALACI, an individual, BITCLUB, an unknown entity, and DOE and ROE Corporations,

Defendants.

Case No. 2:20-cv-994

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiffs, MINA DE ORO, LLC, THE TOY CHEST, LLC (hereinafter collectively referred to as "Plaintiffs") by and through its attorneys, the Law Offices of P. Sterling Kerr, and complain and allege against Defendants MATTHEW BRENT GOETTSCHE, JOBEDIAH SINCLAIR WEEKS, JOSEPH FRANK ABEL, SILVIU CATALIN BALACI and BITCLUB, an unknown entity, (hereinafter collectively referred to as "Defendants") as follows:

**NATURE OF ACTION**

1. Plaintiffs brings this action against Defendants to seek relief from their violations of Rule 10b-5 under the Securities Exchange Act of 1934, 15 U.S.C. § *78a, et seq.*, codified at 17 C.F.R. § 240.10b-5 (the "Federal Claims"). Plaintiffs additionally asserts pendent

claims arising out of the same operative facts as the Federal Claims for violation of NRS 90.570, fraud, negligent misrepresentation, fraudulent inducement, breach of contract, and unjust enrichment (the "State Law Claims").

**PARTIES**

2. Plaintiffs are Nevada limited liability companies domiciled in Nevada and subject to Nevada law and jurisdiction.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction of this action pursuant to 28. U.S.C. § 1331 based upon the existence of a question arising under particular federal statutes and regulations, namely 15 U.S.C. § 78a, *et seq*., and 17 C.F.R. § 240.10b-5. In addition, the Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, as the action is between parties of diverse citizenship and the amount is controversy exceeds $75,000. Plaintiffs also invokes the supplemental jurisdiction of this Court to determine the State Law Claims raised herein pursuant to 28 U.S.C. § 1367.

4. Venue in the District of Nevada is proper pursuant to 28 U.S.C. § 1391(b) because certain of the Federal Claims and the State Law Claims arose against Nevada entities formed and whose resident agents reside in Clark County, State of Nevada.

5. This Court has personal jurisdiction over Defendants, in Nevada because:

(a) The Plaintiff entities are Nevada entities and the solicitations to purchase the fraudulent securities occurred in the State of Nevada.

(b) The Plaintiffs entities are Nevada residents whom purchased the fraudulent securities and Defendants knew this and purposely availed themselves of the benefits of conducting business in the State of Nevada and solicited Nevada residents in the State of Nevada.

**FACTS COMMON TO ALL COUNTS**

6. During the spring of 2018, Defendants engaged in direct and indirect solicitation of the Plaintiff entities to participate in a Bitcoin ("BTC") related multi-level BTC mining scheme ("the Bitclub Offering") by offering for sale positions in a Multi-level matrix and shares

of BTC mining business issued by Defendants. Defendants engaged in these private and public solicitations through a website (www.bitclub.com ("Bitclub") wherein the Defendants created and maintained a website for the Bitclub Offering, and through independent business operators within the Bitclub scheme through the means or instrumentalities of interstate commerce, including email and the internet.

7. In connection with the Bitclub Offering, Defendants had and owed to Plaintiff entities a duty to disclose and provide truthful and honest facts and information concerning the Bitclub Offering.

8. In an effort to solicit the Plaintiff entities and to induce them into investing in the Bitclub Offering, Defendants, acting both individually and as the controlling members of the Bitclub Scheme made the following untrue statements of material fact to Plaintiffs (the "Bitclub Misrepresentation"):

(a) misleading figures regarding the amount of crypto currency mining operations in place;

(b) misleading figures regarding the amount of crypto currency being mined at Bitclub controlled mining operations;

(c) misleading figures and documentation regarding the amount of future profit to be derived from the Bitcoin mining operations;

(d) fraudulent statements from Defendants and Defendants' independent business operators within the multi-level marketing scheme regarding commissions to be paid for joining the Bitclub Scheme and recruiting others to join the Bitclub Scheme and invest in the Bitclub Offering;

(e) misleading statements regarding future operations and investments by the Bitclub management;

(f) untrue and misleading statements regarding access to funds invested in the Bitclub Offering through an internet based website.

9. At the time the Bitclub Misrepresentations were made to Plaintiffs by the Defendants, the Defendants also knew, or reasonably should have known, of the following materials facts that Defendants omitted to communicate to the Plaintiffs ("the Bitclub Omissions"):

(a) risk involved in crypto currency mining operations concerning costs of mining, reduced mining rewards because of competition and volatility of the BTC and crypto currency markets;

(b) illegality of the Bitclub Scheme as it relates to the multi-level marketing scheme;

(c) illegality of the Bitclub Offering and failure of Bitclub and Defendants to register the Bitclub Offering as a security with the Securities Exchange Commission and the State of Nevada Securities Division;

(d) that proceeds from the Bitclub Offering and the multi-level Bitclub Scheme were being converted by the Defendants for their personal use rather than the acquisition of promised crypto currency mining equipment.

10. In reasonable and justified reliance upon the Bitclub Misrepresentations and Bitclub Omissions made by Defendants, each of the Plaintiffs transmitted BTC or cash to Defendants to purchase a specified amount of the Bitclub Offering as follows:

a) Plaintiff, MINA DEL ORO, LLC, invested $250,000.00 USD to a Bitclub representative for purchase of the Bitclub Offering;

(b) Plaintiff THE TOY CHEST, LLC, invested $250,000.00 USD to a Bitclub representative for purchase of the Bitclub Offering.

11. In reasonable and justified reliance upon the Bitclub Misrepresentations and

Bitclub Omissions made by Defendants, the Defendants presented and each of the Plaintiffs entered into a Bitclub Scheme investor contract as set forth in the Bitclub Scheme website ("Bitclub Contract").

12. Plaintiffs would not have purchased the Bitclub Offering or entered into the Investor Contracts if Plaintiffs had known that the Bitclub Misrepresentations were false or if Plaintiffs had been aware of the Bitclub Omissions.

13. Subsequent to their solicitation and sale of the Biclub Offering to Plaintiffs, Defendants have materially breached and defaulted on their obligations to Plaintiffs under the parties' contracts by, among other actions:

(a) failing and refusing to pay dividends, bonuses and other compensation due to the Plaintiffs as required by the investor contracts;

(b) repeatedly misrepresenting and concealing the true nature and status of the Plaintiff's investments in Bitclub as well as the finances, operations and legal status of Bitclub; and

(c) violating various state and federal laws in connection with the offer and sale of the Bitclub Offering to the Plaintiffs and other investors in Bitclub.

14. As a direct and proximate consequence of the Defendants' unlawful conduct as described herein, the Plaintiffs have and will continue to incur substantial damages. The Plaintiff's damages from the loss of their investment due to the Defendants' actions and inactions include the $250,000.00 USD investment of each of the Plaintiffs and the mined BTC and loss of investment returns given the value of BTC currently, excluding unpaid dividends, interest, attorney's fees and costs of litigation.

15. Plaintiffs have made repeated demands upon Defendants to rescind the unlawful transactions at issue and to return the monies that Defendants fraudulently obtained from

Plaintiffs. To date, Defendants have shut down the Bitclub website and failed and refused to return the Plaintiff's monies, and have continued to engage in their unlawful actions and inactions.

16. Plaintiffs have fulfilled or performed all conditions precedent to the filing of this action, and/or such conditions precedent have been waived by Defendants.

**COUNT I – VIOLATION OF 17 C.F.R. § 240.10B-5**
**(By All Plaintiffs Against All Defendants)**

17. Plaintiffs reallege and incorporate Paragraphs 1 through 16 as if fully set forth herein.

18. The Bitclub Offering offered for sale by Defendants and purchased by Plaintiffs constitute securities under the Securities Act of 1933.

19. Defendants made untrue statement of material facts to Plaintiffs concerning the Bitclub Offering, including, but not limited to, the Bitclub Misrepresentations, in connection with the sale of the Bitclub Offering.

20. Defendants were aware of and omitted to communicate certain material facts concerning the Bitclub Offering to Plaintiffs, including, but not limited to, the Bitclub omissions, in connection with the sale of the Bitclub Offering.

21. The Bitclub Misrepresentations and Bitclub Omissions made by Defendants constitute acts, practices, or a course of business that operated as a fraud and deceit upon Plaintiffs.

22. Defendants used means of instrumentalities of interstate commerce, including the mail, email and the internet, in connection with the Bitclub Misrepresentations and Bitclub Omissions, and to directly or indirectly employ a device, scheme, or artifice to convince Plaintiffs to purchase the Bitclub Offering.

23. Defendants obtained BTC, money and/or other property from Plaintiffs as a result of the Bitclub Misrepresentations and Bitclub Omissions.

24. The Bitclub Misrepresentations and Bitclub Omissions of the Defendants

constituted securities fraud in violation of 17 C.F.R. § 240.10b-5.

25. Plaintiffs have suffered damages as a direct and proximate cause of Defendants' violation of 17 C.F.R. § 240.10b-5.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter a judgment against Defendants for compensatory damages, incidental and consequential damages, punitive and exemplary damage, pre- and post-judgment interest, attorney's fees and costs of litigation, and any other relief that the Court deems appropriate and just.

**COUNT II – VIOLATION NEVADA SECURITIES LAW**
**NRS 90.570, et. al.**
**(By Plaintiffs Against all Defendants)**

26. Plaintiffs reallege and incorporate Paragraphs 1 through 25 as if fully set forth herein.

27. This is a claim by Plaintiffs, Nevada domiciled entities against Defendants for violation of NRS 90.570 and all other applicable securities statutes under NRS Chapter 90.

28 The Bitclub Offering and the Bitclub multi-level marketing positions purchased by Plaintiffs from Defendants constitutes an "investment" under NRS Chapter 90.

29. In connection with the Bitclub Offering to Plaintiffs, Defendants made the following misrepresentations and omission of fact:

(a) misleading figures regarding the amount of crypto currency mining operations in place;

(b) misleading figures regarding the amount of crypto currency being mined at Bitclub controlled mining operations;

(c) misleading figures and documentation regarding the amount of future profit to be derived from the Bitcoin mining operations;

(d) fraudulent statements from Defendants and Defendants' independent business operators within the multi-level marketing scheme regarding commissions to be

paid for joining the Bitclub Scheme and recruiting others to join the Bitclub Scheme and invest in the Bitclub Offering;

(e) misleading statements regarding future operations and investments by the Bitclub management;

(f) failing and refusing to pay dividends, bonuses and other compensation due to the Plaintiffs as required by the investor contracts;

(g) repeatedly misrepresenting and concealing the true nature and status of the Plaintiff's investments in Bitclub as well as the finances, operations and legal status of Bitclub; and

(h) violating various state and federal laws in connection with the offer and sale of the Bitclub Offering to the Plaintiffs and other investors in Bitclub.

30. Defendants made the Bitclub Misrepresentations and Bitclub Omissions to Plaintiffs with reckless disregard for the truth of their communications.

31. Defendants knew or reasonably should have known that Plaintiffs would justifiably and reasonably rely on the Bitclub Misrepresentations and Bitclub Omissions.

32. Plaintiffs justifiably and reasonably relied on the Bitclub Misrepresentations and the Bitclub Omissions in connection with his purchase of Bitclub Offering.

33. Defendant violated NRS 90.570 by causing Plaintiffs to invest in the Bitclub Offering in reliance upon the Bitclub Misrepresentations and Bitclub Omissions.

34. Plaintiffs have suffered damages as a direct and proximate cause of Defendants' violations of NRS 90.570 and other securities laws set forth in NRS Chapter 90.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter a judgment against Defendants for actual compensatory damages, for rescission of Plaintiffs' purchase of the Bitclub Offering, incidental and consequential damages, punitive and exemplary damages, pre-and post-judgment interest, attorney's fees and costs of litigation, and any other relief that the Court deems appropriate and just.

**COUNT III – COMMON LAW FRAUD**
**(By Plaintiff against All Defendants)**

35. Plaintiffs reallege and incorporate Paragraphs 1 through 34 as if fully set forth herein.

36. In connection with the Bitclub Offering, Defendants misrepresented and omitted to communicate material facts concerning the Bitclub Offering to Plaintiffs, including, but not limited to, the Bitclub Misrepresentations and Bitclub Omissions.

37. Defendants knew they were omitting material facts concerning the Bitclub Offering in order to induce Plaintiffs to invest in and purchase the Bitclub Offering.

38. Plaintiffs reasonably and justifiably relied upon the Bitclub Misrepresentations and Bitclub Omissions by investing in and purchasing the Bitclub Offering.

39. Plaintiffs were induced into purchasing the Bitclub Offering as a result of the Bitclub Misrepresentations and Bitclub Omissions, and Plaintiffs would not have purchased the Bitclub Offering had Defendants not made the Bitclub Misrepresentation and Bitclub Omissions.

40. Plaintiffs have suffered damages as a direct and proximate cause of Defendants' fraud.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter a judgment against Defendants for rescission, compensatory damages, incidental and consequential damages, punitive and exemplary damages, pre- and post-judgment interest, attorney's fees and costs of litigation, and any other relief that the Court deems appropriate and just.

**COUNT IV – FRAUDULENT INDUCEMENT**
**(By Plaintiff against All Defendants)**

41. Plaintiffs reallege and incorporate Paragraphs 1 through 40 as if fully set forth herein.

42. In connection with the Bitclub Offering, Defendants misrepresented and omitted to communicate material facts concerning the Bitclub Offering, and Bitclub Contract to Plaintiffs, including, but not limited to the Bitclub Misrepresentations and Bitclub Omissions.

43. Defendants knew that the Bitclub Misrepresentations were false at time such misrepresentations were communicated to Plaintiffs.

44. Defendant knew that they were omitting material facts concerning the Bitclub Offering when making the Bitclub Omissions during communications with Plaintiffs.

45. Defendants intended for the Plaintiffs to rely upon the Bitclub Misrepresentations and Bitclub Omissions in order to induce Plaintiffs to invest in and purchase the Bitclub Offering and to enter into the Bitclub Contract.

46. Plaintiffs reasonably and justifiably relied upon the Bitclub Misrepresentations and Bitclub Omissions by purchasing the Bitclub Offering and entering into the Bitclub Contract.

47. Plaintiffs were induced into purchasing the Bitclub Offering and entering into the Bitclub Contract as a result of the Bitclub Misrepresentations and Bitclub Omissions. Plaintiffs would not have purchased the Bitclub Offering or entered into the Bitclub Contract had Defendants not made the Bitclub Misrepresentations and Bitclub Omissions.

48. Plaintiffs have suffered damages as a direct and proximate cause of Defendants' fraud.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter a judgment against Defendants for rescission, compensatory damages, incidental and consequential damages, punitive and exemplary damages, pre- and post-judgment interest, attorney's fees and costs of litigation, and any other relief that the Court deems appropriate and just.

**COUNT V – BREACH OF CONTRACT**
**(By Plaintiff against All Defendants)**

49. Plaintiffs reallege and incorporate Paragraphs 1 through 48 as if fully set forth herein.

50. Plaintiffs each entered into a Bitclub Contract in connection with their investment in and purchase of the Bitclub Offering.

51. Defendants have breached the Bitclub Contract by, among other things, failing and refusing to pay dividends, bonuses, commissions and other compensation due to the Plaintiffs as required by the Bitclub Contract.

52. Plaintiffs have suffered damages as a direct and proximate cause of Defendants' breach of violation of the parties' contracts.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter a judgment against Defendants for compensatory damages, incidental and consequential damages, pre- and post-judgment interest, attorney's fees and costs of litigation, and any other relief that the Court deems appropriate and just.

**COUNT VI – UNJUST ENRICHMENT**
**(By Plaintiff against All Defendants)**

53. Plaintiffs reallege and incorporate Paragraphs 1 through 52 as if fully set forth herein.

54. Plaintiffs conferred benefits on the Defendants by investing in and purchasing the Bitclub Offering.

55. Defendants have failed to compensate Plaintiffs for their investment in the purchase of the Bitclub Offering.

56. Defendants were and are aware that Plaintiffs expected to be compensated for the benefits conferred upon Defendants by Plaintiffs.

57. Defendants have retained the benefits conferred by Plaintiffs notwithstanding

Defendants' Bitclub Misrepresentations and Bitclub Omissions, and Defendants' failure to honor the terms of the parties' contracts.

58. It is inequitable for Defendants to continue to retain the benefits conferred by Plaintiffs in connection with the Bitclub Offering, and Bitclub Contract, without compensating Plaintiffs.

59. Defendants have been unjustly enriched by Plaintiffs to Plaintiffs' detriment.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter a judgment against Defendants for compensatory damages, incidental and consequential damages, pre- and post-judgment interest, attorney's fees and costs of litigation, and any other relief that the Court deems appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiffs demands a trial by jury on all issues and claims so triable.

Dated: June 1, 2020

LAW OFFICES OF P. STERLING KERR

By: /s/ P. Sterling Kerr

P. STERLING KERR, ESQ.
Nevada Bar No. 003978
TAYLOR SIMPSON, ESQ.
Nevada Bar No. 13956
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451–2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: taylor@sterlingkerrlaw.com
*Attorneys for Plaintiff*