P. STERLING KERR, ESQ.
Nevada Bar No. 3978
PETER R. PRATT, ESQ.
Nevada Bar No. 6458
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451–2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: peter@sterlingkerrlaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MINA DE ORO, LLC, a Nevada limited liability company; THE TOY CHEST, LLC, a Nevada limited liability company;<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW BRENT GOETTSCHE, an individual, JOBEDIAH SINCLAIR WEEKS, an individual, JOSPEH FRANK ABEL, an individual, SILVIU CATALIN BALACI, an individual, BITCLUB, an unknown entity, and DOE and ROE corporations,<br><br>Defendants. | Case No.: 2:20-cv-00994-GMN-VCF<br><br>**OPPOSITION TO DEFENDANT MATTHEW BRENT GOETTSCHE'S MOTION TO DISMISS** |

COMES NOW Plaintiffs, Mina De Oro, LLC and The Toy Chest, LLC, by and through their attorneys the Law Offices of P. Sterling Kerr, and hereby oppose Defendant Matthew Brent Goettsche's Motion to Dismiss.

///

///

///

This Opposition is made and based upon all the papers and pleadings on file herein, the Points and Authorities attached hereto, and such oral argument as may be adduced at a hearing of this matter.

DATED this 6th day of April, 2021.

LAW OFFICES OF P. STERLING KERR

By: /s/ *Peter R. Pratt*
P. STERLING KERR, ESQ.
Nevada Bar No. 3978
PETER R. PRATT, ESQ.
Nevada Bar No. 6458
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This matter involves Defendants who have faced or are currently facing major criminal charges regarding cryptocurrency and crypto-mining schemes. Plaintiffs have alleged violations of various federal and state securities statutes, as well as claims. Defendants induced Plaintiffs to invest $500,000 with Defendants and have deprived Plaintiffs of the use of the funds or the profits from the funds, as Defendants diverted the money to personal use.

Defendants eventually shut down their website and refused to return the funds to Plaintiffs. Plaintiffs had zero access to the contracts, as the contracts were all online, and no ability to exercise any contract provisions, including mediation and arbitration provisions set forth in the Motion to Dismiss, which Plaintiffs had no access to even view.

Since the filing of the Motion to Dismiss, counsel for Plaintiffs has reached out to counsel for Goettsche regarding staying proceedings to conduct mediation, but Goettsche has been unwilling to do so.

Defendant's Motion is based upon two primary points: 1, a lack of personal jurisdiction over

Defendant Goettsche and 2, a failure to engage in binding dispute resolution. Defendant Goettsche additionally moves, in the alternative, for a stay pending the resolution of a related criminal case in New Jersey.

## II. JURISDICTION IS PROPER

The Court must deny Goettsche's Motion to Dismiss as the Court has sufficient contacts with Nevada to have specific personal jurisdiction over these claims, venue is proper, and the claims have been properly pled as to fulfill the requirements of FRCP 8(a)(2).[1]

Goettsche repeatedly makes false statements in his Motion that he "did not perform any of the alleged acts in, direct his conduct to, or target the State of Nevada." *See* Motion to Dismiss at p. 2, 4, 5. Plaintiffs specified in the Complaint that the tortious acts in question were posted on the internet, and that the tortious statements were directed toward the Plaintiffs, which are Nevada entities. Defendants made no effort to exclude Nevada from its prospective customers, and instead purposefully did not exclude Nevada.

The Complaint clearly sets forth the basis for Nevada jurisdiction. While Goettsche attempts to minimize this, there is sufficient basis to hold that Goettsche and his co-defendants purposefully availed themselves of Nevada and rejected the opportunity to exclude Nevada from its pool of prospective customers. It is entirely reasonable to hold that Nevada has jurisdiction in this matter.

## III. ANALYSIS

### A. MOTION TO DISMISS STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir.1996).

According to FRCP 12(b)(6) a court may dismiss a complaint for "failure to state a claim

---

[1] Plaintiffs do not dispute that this Court does not have general jurisdiction over Defendant Gottsche.

upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action. . . " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (internal quotations omitted). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 678.

Where the complaint permits the court to infer more than the mere possibility of misconduct, the complaint has "alleged - but not shown - that the pleader is entitled to relief." *Id*. at 679 (internal quotations omitted). When the allegations in a complaint have crossed the line from conceivable to plausible, plaintiff's claim must survive. *See Twombly*, 550 U.S. at 570.

A federal court must apply the substantive law of the forum state when a federal question is not involved. *See Cornett v. Gawker media*, LLC, 2014 WL 2863093, at 5 (D. Nev. June 23, 2014); see also *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78-80, 58 S.Ct. 817, 82 L.Ed.1188 (1938). Likewise, when "federal subject matter jurisdiction is based on diversity, courts apply the law of the forum state to determine which state's statute of limitations to apply." *Id*. (citing to *Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945); see also Flowers v. Carville, 310 F.3d 1118, 1123 (9th Cir. 2002)). As such Nevada substantive law applies here. See also First

American Defendant's Motion to Dismiss pg. 10.

As to the request to dismiss pursuant to FRCP 12(b)(2) for lack of personal jurisdiction, "At the motion to dismiss stage, a plaintiff is generally required only to make out a prima facie showing of personal jurisdiction to overcome a 12(b)(2) motion." See *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1119 (9th Cir.2002).

### B.  THE DISTRICT COURT OF NEVADA HAS SPECIFIC PERSONAL JURISDICTION OVER THE CLAIMS MADE AGAINST GOETTSCHE IN THIS CASE

This Court has specific personal jurisdiction over the claims alleged in the Complaint pursuant to the Nevada long arm statute, and the recent federal case law outlining the requirements of personal jurisdiction regarding allegations of tortious activity by a defendant on the internet.  As stated in Goettsche's Motion, "Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits. Fed.R.Civ.P. 4(k)(1)(A); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir.1998)." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F. 3d 1218 - Court of Appeals, 9th Circuit 2011.  The federal court has analyzed the Nevada statute, "Nevada's long-arm statute permits the exercise of jurisdiction to the same extent as the Constitution. Nev.Rev.Stat. § 14.065 (2001). Hence, we consider only the constitutional principles of due process which require that RII have minimum contacts with Nevada 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)."

*Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F. 3d 1007 - Court of Appeals, 9th Circuit 2002.

The Ninth Circuit uses an analysis of three elements to determine whether personal jurisdiction over a defendant exists, "(1) The non-resident defendant must *purposefully direct his activities* or consummate some transaction with the forum or resident thereof; *or* perform some act by which he *purposefully avails himself* of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger,* 374 F.3d at 802 (quoting *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir.1987) (emphases added))." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F. 3d 1218 - Court of Appeals, 9th Circuit 2011.

The *Mavrix* case goes on to discuss the first factor in the context of a tort case like this one. "The 'effects' test, which is based on the Supreme Court's decision in Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), requires that 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.' Brayton Purcell, 606 F.3d at 1128 (quoting Yahoo!, 433 F.3d at 1206)." *Id*. at 1228.

The *Mavrix* case is important to discuss in this situation because there is an analysis of personal jurisdiction in the context of website and internet activity. The *Mavrix* court continues by stating that the acts must be "'expressly aimed at the forum state.' In prior cases, we have struggled with the question whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed. See, e.g., Brayton Purcell, 606 F.3d at 1129-31; Pebble Beach, 453 F.3d at 1156-58; Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019-21 (9th Cir.2002); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321-22 (9th Cir.1998); Cybersell, 130 F.3d at 417. On the one hand, we have made clear that "maintenance of a passive website alone cannot satisfy the express aiming prong." Brayton Purcell, 606 F.3d at 1129. On the other, we have held that "operating even a passive website in conjunction with `something more' — conduct directly targeting the forum — is sufficient." Rio Props., 284 F.3d at 1020. In determining whether a nonresident defendant has done "something more," we have considered several factors, including the interactivity of the defendant's website, e.g., Pebble Beach, 453 F.3d at 1153-54, 1158; Cybersell, 130 F.3d at 417-20; the geographic scope of the defendant's commercial ambitions, e.g., Pebble Beach, 453 F.3d at 1156-58; Rio Props., 284 F.3d at 1020-21; and whether the defendant "individually targeted" a plaintiff known to be a forum resident, e.g., Brayton Purcell, 606 F.3d at 1129; Pebble Beach, 453 F.3d at 1156-57; Panavision, 141 F.3d at 1321-22.

Here, we are not talking about merely operating a website and nominal interaction.

Instead, this matter relates to an investment of a half million dollars, wherein the Defendants, including Goettsche, made significant misrepresentations and engaged in violations of both state and federal law and are facing or have faced criminal charges related to the violations and frauds. Contrary to the arguments set forth by Goettsche, the prior case law in both *Schwarznegger* and *Freestream Aircraft* (cited by Goettsche) would hold it to be reasonable to adjudicate this dispute in Nevada, where the Plaintiffs are domiciled and where Defendants, including Goettsche, purposefully availed themselves of the use of the forum for the purpose of violating securities law and harming Plaintiffs.

### C. LEAVE TO AMEND SHOULD BE GRANTED IN ORDER TO AMEND PERCEIVED DEFICIENCIES IN THE AMENDED COMPLAINT

FRCP 15(a) directs that leave shall be freely given to amend a pleading when justice so requires. Insofar as this Court finds the cause of action in Plaintiffs' Complaint to be improperly pled, Plaintiffs requests leave of this Court to amend the Complaint accordingly.

### D. BINDING PREDISPUTE RESOLUTION PROVISIONS DO NOT REQUIRE DISMISSAL

Plaintiffs had no access to the contract prior to filing the lawsuit. Defendants had maintained the contracts on their website and had shut down the website and denied Plaintiffs any access to the contract or its provisions. As such, Defendants breached the contract at the time they shut down the website. Instead of approaching Plaintiffs and other investors to mediate a termination of the contract, Defendants refused contact and refused to mediate the matter.

Additionally, since the filing of this Motion, Plaintiffs have reached out about mediating this matter and staying the matter pending mediation. However, Goettsche has refused to even consider doing so. As such, it appears that the request for enforcement of the mediation clause is mere deception. Goettsche has no desire to mediate any claims against him. Moreover, while Goettsche was a member of Defendant Bitclub, Bitclub is not here requesting for enforcement of the mediation clause. Plaintiffs have claims against Goettsche personally. The contract does not limit Plaintiffs from seeking damages from Goettsche individually and does not protect

Goettsche individually. If Goettsche individually engaged in fraudulent actions, if Goettsche was unjustly enriched by taking the Plaintiffs' money and converting to his personal use, if Goettsche fraudulently induced Plaintiffs into investing in Bitclub, then Plaintiffs can separately proceed in their action against Goettsche.

If Bitclub, which has been defaulted in this matter, wishes to come to this court and seek to enforce the mediation clause, it is free to do so. If Goettsche is representing that Bitclub as his alter ego and he can exert all the rights and privileges of Bitclub (which he has not done heretofore), such as enforcement of a mediation clause, then he also would be responsible for all the acts of Bitclub, both criminally and civilly, a position that his criminal defense attorneys in New Jersey might object to at this time.

As such, the Bitclub mediation and arbitration provisions are not applicable to a dispute between Plaintiffs and Goettsche. As such, this Court should deny the Motion to Dismiss on this basis.

### E.  THE CASE SHOULD NOT BE STAYED PENDING THE CRIMINAL CASE

The request, in the alternative, to stay the litigation pending the criminal matter, would, in effect, deny Plaintiffs of justice. To support his argument, Goettsche cites *Keating v. Office of Trust Supervision*, 45 F.3d 322 (9th Cir. 1995). This case involved notorious savings and loan fraudster Charles Keating, whose illegal activities led to severe political consequences. The court there set forth a six-factor test to determine whether a civil proceeding should be allowed to go forward while a criminal case was pending. Contrary to the argument of Goettsche, these factors do not weigh in his favor.

This matter involves an investment by Plaintiffs with Defendants of $500,000. Plaintiffs have been without their funds for years, while Defendants, including Goettsche, have taken full advantage of the money for their personal use and enjoyment, along with the money of many other investors. It is extremely important and proper that this matter proceed so that Plaintiffs can be compensated as soon as possible. Many other third parties have been impacted by the misdeeds of the Defendants and so there is general interest in this matter proceeding. Goettsche,

while claiming difficulty affording to defend both the civil and criminal matter at the same time, nonetheless has multiple law firms on this matter and appears more than able to fund an ample defense of the litigation, both here and elsewhere.

Wherefore, this Court should not stay this litigation pending the outcome of the New Jersey criminal case.

## III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court deny Goettsche's Motion to Dismiss in its entirety as it is without merit.  In the alternative, Plaintiffs request leave of the Court to amend its complaint if the Court finds it deficient in any way.

DATED this 6th day of April, 2021.

LAW OFFICES OF P. STERLING KERR

By: */s/ Peter R. Pratt*
P. STERLING KERR, ESQ.
Nevada Bar No. 3978
PETER R. PRATT, ESQ.
Nevada Bar No. 6458
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies on April 6, 2021, a true and correct copy of **OPPOSITION TO DEFENDANT MATTHEW BRENT GOETTSCHE'S MOTION TO DISMISS** was served to the following at their last known address(es), facsimile numbers and/or e-mail/other electronic means, pursuant to:

   X    **BY E-MAIL AND/OR ELECTRONIC MEANS**: addressees (s) having consented to electronic service, I via e-mail, Electronic Service through the Court's electronic filing system, or other electronic means to the e-mail address(es) of the addressee(s).

Adam Hosmer-Henner, Esq
Phil Mannelly, Esq.
Chelsea Latino, Esq.
**McDonald Carano LLP**
100 West Reno, NV 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com
clatino@mcdonaldcarano.com

Benajmin J. A. Sauter
Amanda N. Tuminelli
**KOBRE & KIM LLP**
800 Third Avenue
New York, NY 10022
(212) 488-1288
Benjamin.sauter@kobrekim.com
Amanda.tuminelli@korbekim.com

                      */s/ Jennifer Hogan*
                      An employee of the LAW OFFICES OF
                      P. STERLING KERR