Adam Hosmer-Henner, Esq. (NSBN 12779)
Phil Mannelly, Esq. (NSBN 14236)
Chelsea Latino, Esq. (NSBN 14227)
**McDONALD CARANO LLP**
100 West Liberty Street, 10th Floor
Reno, NV 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com
clatino@mcdonaldcarano.com

Benjamin J.A. Sauter (*admitted pro hac vice*)
Amanda N. Tuminelli (*admitted pro hac vice*)
**KOBRE & KIM LLP**
800 Third Avenue
New York, NY 10022
(212) 488-1288
benjamin.sauter@kobrekim.com
amanda.tuminelli@kobrekim.com

*Attorneys for Defendant Matthew Brent Goettsche*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MINA DE ORO, LLC, a Nevada limited liability company; THE TOY CHEST, LLC a Nevada limited liability company, | CASE NO.: 2:20-cv-00994-GMN-VCF |
| Plaintiffs, | **DEFENDANT MATTHEW BRENT GOETTSCHE'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| MATTHEW BRENT GOETTSCHE, an individual, JOBEDIAH SINCLAIR WEEKS, an individual, JOSEPH FRANK ABEL, an individual, SILVIU CATALIN BALACI, an individual, BITCLUB, an unknown entity, and DOE and ROE Corporations, | |
| Defendants. | |

Defendant Matthew Brent Goettsche ("Mr. Goettsche"), by undersigned counsel, respectfully submits the following Reply in Support of his Motion to Dismiss the Complaint of Mina De Oro LLC and the Toy Chest, LLC (collectively "Plaintiffs"), filed March 23, 2021. (ECF No. 21).

**MEMORANDUM AND POINTS OF AUTHORITIES**

**I.  INTRODUCTION**

The Complaint is devoid of any allegations specific to Mr. Goettsche, let alone any allegations tying him to Nevada to sufficiently establish this Court's jurisdiction over him. Plaintiffs assert that they have "claims against Goettsche personally," but fail to describe what these claims are or allege a sufficient connection between any such claims, Mr. Goettsche personally, and the state of Nevada. (ECF No. 28, Opp'n at 7). Plaintiffs concede the lack of general jurisdiction over Mr. Goettsche, a non-resident, and only summarily assert that personal jurisdiction exists because the unspecified acts in question were "posted on the internet" and Defendants "did not exclude Nevada." (*Id.* 3). This falls far short of the requirements for establishing personal jurisdiction, relying instead on the rejected premise that the use of the internet automatically creates personal jurisdiction in any jurisdiction where a potential defendant could reside. Further, Plaintiffs continue to improperly aggregate Defendants instead of demonstrating why Mr. Goettsche, individually, should be haled into a Nevada court. The scant authority upon which Plaintiffs rely supports the conclusion that jurisdiction is not proper.

Moreover, as Plaintiffs have been advised, this lawsuit was brought and is maintained in clear violation of the Bitclub Network Membership Agreement ("Membership Agreement") attached to the Motion to Dismiss. (*See* ECF No. 21, Mot. to Dismiss, Exs. A-B). Plaintiffs' Opposition to Mr. Goettsche's Motion to Dismiss ("Opposition") does not dispute this plain defect, but instead asks the Court for a stay so that Plaintiffs can mediate against the one defendant who has appeared but who is not subject to personal jurisdiction in Nevada. As Plaintiffs have failed to initiate mediation or demand arbitration, choosing instead to litigate in violation of the Membership Agreement, their claims should be dismissed.

Finally, even if the Court does not dismiss the action, it should issue an unconditional stay pending the resolution of a parallel criminal proceeding in the District of New Jersey. There is no reason to proceed against Mr. Goettsche, the only one of five named defendants who has appeared, given pending and parallel criminal proceedings and the absence of any prejudice to Plaintiffs.

/ / /

## II. DISCUSSION

### A. Plaintiffs Cannot Establish That This Court Has Personal Jurisdiction Over Mr. Goettsche.

Plaintiffs do not dispute the lack of general jurisdiction over Mr. Goettsche, and, instead, rely entirely upon specific jurisdiction. But their arguments on specific jurisdiction are not based on any applicable Nevada or Ninth Circuit precedent. (ECF No. 28, Opp'n at 3 n. 1). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Plaintiffs make no specific allegations related to Mr. Goettsche, let alone any allegations that establish either that he purposefully availed himself of the privilege of doing business in this state or that he purposefully directed his activities at Nevada. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (setting forth the requirements of purposeful availment and purposeful direction). In fact, the only assertion Plaintiffs make in this respect in their briefing is that "Defendants made no effort to exclude Nevada from its prospective customers, and instead purposefully did not exclude Nevada." (ECF No. 28, Opp'n at 3.) This does not suffice. Instead, a "defendant must have performed some type of *affirmative* conduct" directed at the forum, as opposed to "random, fortuitous, or attenuated conduct," as Plaintiffs allege here. *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (internal quotations omitted) (emphasis added).

Here, Plaintiffs do not make any specific allegations that Mr. Goettsche took *any* affirmative actions, let alone "purposely availed" himself of the Nevada forum for the purpose of allegedly violating securities law. There are no allegations that Mr. Goettsche *himself* communicated with Plaintiffs, that he knew they resided in Nevada, or that he even knew they existed at all. There are also no allegations that the alleged scheme was focused on Nevada, disproportionately affected Nevada residents, or had any specific connection to Nevada. Plaintiffs fail to establish that the effect of Mr. Goettsche's alleged actions upon Nevada or Nevada residents was anything but random, fortuitous, or attenuated, which is insufficient to establish personal jurisdiction in Nevada. Indeed, the contrary position appears more likely as the criminal case is

proceeding in the District of New Jersey, not in this forum, and only two LLCs make up the Plaintiffs here.

As discussed at length in Mr. Goettsche's opening brief, in order to establish jurisdiction over individual defendants, jurisdictional allegations must be made with respect to *each* defendant. (ECF No. 21, Mot. to Dismiss at 6.) Thus, Plaintiffs' "allegations in the Complaint [that] collectively refer[]" to the "defendants" and do "not separate out each Defendants' actions in the alleged challenged conduct" are insufficient to establish jurisdiction over Mr. Goettsche. *Medimpact Healthcare Sys., Inc. v. IQVIA Holdings Inc.,* No. 19CV1865-GPC(LL), 2020 WL 1433327, at *5 (S.D. Cal. Mar. 24, 2020). Especially where, as here, "Plaintiffs do not specifically isolate the jurisdictional facts amongst the different [] entities and improperly lump [] defendants together." *Id.*

### 1. Plaintiffs Allege No Facts Evidencing That Defendants' Use Of The Internet Meets The "Something More" Test Necessary To Establish This Court's Jurisdiction.

Plaintiffs attempt to rely on Defendants' alleged collective use of a website to establish Defendants' purposeful direction of their activities at Nevada sufficient to establish this Court's jurisdiction.[1] (ECF No. 28, Opp'n at 6). This aggregation of Defendants is improper. Moreover, Plaintiffs' allegations regarding "Defendants" purported us of the website fail to establish jurisdiction under Supreme Court precedent and the Ninth Circuit's "something more" test as set forth in *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011), the case Plaintiffs rely upon in their Opposition.

In *Calder v. Jones,* the Supreme Court established an "effects" test, which courts routinely apply to establish whether a defendant has purposefully directed its activities at the forum state. 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). To satisfy this test, a plaintiff must demonstrate that defendant "(1) committed an intentional act, which was (2) expressly aimed at

---

[1] Section A of the Opposition's "Analysis" Section is titled the "Motion to Dismiss Standard," which focuses extensively on case law related to the application of substantive state law in federal court. ECF No. 28, Opp'n at 4. As no substantive Nevada law is at issue in the Motion or in the Opposition, this argument appears to have been copied from a different motion that does not apply here.

the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Pebble Beach Co.*, 453 F.3d at 1154; *see also Schwarzenegger,* 374 F.3d at 805 ("We construed *Calder* to require 'something more' than mere foreseeability in order to justify the assertion of personal jurisdiction" over defendants.). Here, Plaintiffs make no specific allegations as to the first prong of the "effects" test, so the inquiry ends there as they do not identify an intentional act by Mr. Goettsche. However, even if there were sufficient allegations to demonstrate an intentional act on the part of Mr. Goettsche, Plaintiffs' allegations do not satisfy the second "express aiming" prong of the test.

According to the Ninth Circuit in *Mavrix,* upon which Plaintiffs nearly exclusively rely, "maintenance of a passive website alone cannot satisfy the express aiming prong." 647 F.3d at 1229. Instead, there must be "'something more' – conduct directly targeting the forum." *Id.* Plaintiffs should be aware of this standard as their counsel litigated, and lost, a personal jurisdiction case based on a similar argument relied upon here. *Int'l Markets Live v. Carney*, No. 218-CV-00187-JAD-GWF, 2019 WL 356799, at *4 (D. Nev. Jan. 29, 2019). In *Carney,* the "only connection between the plaintiffs' claims and Nevada is the fact that Carney knew that Terry lived in Las Vegas." *Id.* Here, there is not even a similar allegation or fact that Mr. Goettsche knew Plaintiffs existed, let alone that they resided in Nevada. The court in *Carney* distinguished *Mavrix* because the record in *Mavrix* demonstrated that some "[a]dvertisers tailored their ads to California residents, indicating that the defendant knew either actually or constructively—about its California user base." *Id.* (citing *Mavrix,* 647 F.3d at 1218) (internal quotations omitted). In *Carney* though—as in this case—there was no indication that "Carney had any ties to Nevada through his Facebook page" and the "mere fact that he made allegedly tortious statements on [an] internationally-accessible website is not, by itself, sufficient to establish personal jurisdiction here." *Id.*

Applying this analysis here, it is evident there is no personal jurisdiction over Mr. Goettsche. Plaintiffs have not alleged any facts that Defendants' conduct, let alone Mr. Goettsche's conduct, demonstrates the "something more" required to meet the jurisdictional threshold set forth by the Ninth Circuit. There are no allegations that Mr. Goettsche personally

made the website interactive for Nevada residents, that he had commercial ambition for Bitclub in Nevada, nor that he targeted individuals known to be Nevada residents. In fact, there are no allegations *at all* regarding either Mr. Goettsche or the website – its functionality, its ability to be used in Nevada, or even its domain name. Critically, there is nothing that would establish jurisdiction over Mr. Goettsche in Nevada that could not also be used to improperly claim jurisdiction over Mr. Goettsche in any other state in the country in which Plaintiffs happened to reside.

### 2. Plaintiffs' Request For Leave To Amend The Complaint Violates LR 15-1.

Plaintiffs improperly request leave to file an amended complaint without submitting the proposed pleading. (ECF No. 28, Opp'n at 7.) Local Rule 15-1 requires in relevant part, "[u]nless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." Plaintiffs' request is violative of the Local Rule in two ways: first, it is not styled as a motion and second, there is no proposed amended pleading attached.

Furthermore, Plaintiffs provide no argument as to how allowing the hypothetical amendment could cure the defects in their complaint. Plaintiffs have had over a year already to amend their pleading, or at least explain in their Opposition how they intended to make jurisdictional allegations against Mr. Goettsche, but have still failed muster a shred of jurisdictional substance. Without a proposed pleading and without even an explanation as to what such a pleading would accomplish, there is no basis to grant leave to amend.

### B. Plaintiffs Do Not Dispute That They Failed To Comply With The Binding Dispute Resolution Provision And Failed To Mediate Or Demand Arbitration.

In addition to the lack of personal jurisdiction, it is evident that this action was filed in violation of the plain terms of the Membership Agreement, further necessitating dismissal. Plaintiffs concede that they improperly named the corporate defendant, Bitclub, without complying with the dispute resolution clauses of the Membership Agreement, yet still tout in their briefing the default judgment they improperly received.

First, mediation is a condition precedent to bringing suit and the failure to satisfy this condition mandates dismissal. *See B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*, No. C 07-02864-JSW, 2007 WL 3232276, at *8 (N.D. Cal. Nov. 1, 2007) ("A claim that is filed before a mediation requirement, that is a condition precedent to the parties' right to sue as set forth in an agreement, is satisfied shall be dismissed"); *MB Am., Inc. v. Alaska Pac. Leasing,* 132 Nev. 78, 89, 367 P.3d 1286, 1293 (2016) (granting summary judgment where plaintiff "did not comply with a prelitigation condition precedent for mediation contained in the Agreement"). Plaintiffs do not dispute this but only ask for a stay so that they can conduct mediation. This request for a stay is unwarranted as 1) there is no jurisdictional basis for the case against Mr. Goettsche, so he should not be required to mediate via an order from this forum and 2) as the other defendants have not appeared, any mediation would seemingly only involve Mr. Goettsche, rendering global resolution or even meaningful resolution impossible.

Second, Plaintiffs do not contest that the Membership Agreement requires disputes be resolved via arbitration. Where, as here, "arbitration of all claims against a defendant is required by the parties' agreement, dismissal is appropriate rather than stay." *Buckley v. Pinnacle Cmty. Servs. Ltd. P'ship,* No. 216-CV-02326-GMN-PAL, 2018 WL 3214768, at *3 (D. Nev. June 6, 2018), *report and recommendation adopted*, No. 216-CV-02326-GMN-PAL, 2018 WL 3212010 (D. Nev. June 29, 2018); *see also Cooper v. Equifax Info. Servs., LLC*, No. 219-CV-01124-JAD-DJA, 2020 WL 5848667, at *4 (D. Nev. Sept. 30, 2020) (dismissing after determining "all of the claims raised in the action are subject to arbitration").

Plaintiffs were required to affirmatively agree to the Membership Agreement prior to joining BCN, so the argument that they were unaware of its terms, is unavailing. Plaintiffs had an obligation to read, understand, and affirmatively accept the terms of the Membership Agreement at the time Plaintiffs joined BCN. (*Id.*) Now that Plaintiffs have been reminded of the Membership Agreement, they have conceded to its terms, effectively admitting that the mediation and arbitration requirements are enforceable. (ECF No. 28, Opp'n at 7.) Nor do Plaintiffs contest that they are bound by the terms of the Membership Agreement and that all of their claims arise under the Membership Agreement. In view of these admissions, there can be little doubt that Plaintiffs

have brought this lawsuit in violation of the Membership Agreement. (*See* ECF No. 21, Mot. to Dismiss at 10-14.)

Plaintiffs further contend that the suit is against Mr. Goettsche "individually," so the provisions of the Membership Agreement do not apply to him. (ECF No. 28, Opp'n at 8.) As the only allegations in the Complaint pertain to "Defendants" generally, this argument lacks merit. In fact, Plaintiffs demonstrate in the very next sentence that there is no basis *whatever* for their case against Mr. Goesttsche: "*If* Goettsche individually engaged in fraudulent actions, *if* Goettsche was unjustly enriched by taking the Plaintiffs' money and converting to his personal use, *if* Goettsche fraudulently induced Plaintiffs into investing in Bitclub, *then* Plaintiffs can separately proceed in their action against Goettsche." (ECF No. 28, Opp'n at 8) (emphasis added). Such an attenuated line of argument establishes beyond a shadow of a doubt that there is no personal jurisdiction over Mr. Goettsche, much less a claim against him that meets the specificity requirements of Fed. R. Civ. P. 9(b).

In any event, there are circumstances where a "non-signatory can enforce an arbitration clause as a third-party beneficiary." *Tseng v. BMW of N. Am., LLC*, No. 220-CV-00256-VAP-AFMX, 2020 WL 4032305, at *3 (C.D. Cal. Apr. 15, 2020). It is not necessary that the "third party be expressly named or identified," but the parties to the agreement must have "intended the contract to benefit the third party." *Id.* The broad scope of the dispute resolution clause covers "any controversy or claim arising out of or relating to the Agreement." (*See* ECF No. 21, Mot. to Dismiss, Exs. A-B). Plaintiffs should not be permitted to evade the plain language of the Membership Agreement by attempting to bring the same claims against the officers and directors of Bitclub.

**C.  A Stay Is Justified Under All Of The *Keating* Factors.**

There are more than sufficient grounds to dismiss this action outright for lack of personal jurisdiction and for failure to state a claim. However, solely in the alternative, Mr. Goettsche would request this Court exercise its discretion to stay this litigation pending resolution of criminal case in the District of New Jersey. Ignoring (and thus conceding) the significant Fifth Amendment implications of this case proceeding parallel with the criminal case, Plaintiffs instead argue that

this matter should proceed so that "Plaintiffs can be compensated as soon as possible." (ECF No. 28, Opp'n at 8.). Plaintiffs do not adequately address the *Keating* factors and merely state that they would like to receive damages sooner rather than later. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). This specific financial motivation does not implicate the general interest or public interest as to outweigh the harm to the rights of Mr. Goettsche. *See Perez v. Station Casinos LLC,* No. 215-CV-01553-JAD-NJK, 2016 WL 8959135, at *2 (D. Nev. Feb. 8, 2016) (holding that "engaging in the type of duplicative discovery that is certain to occur once Defendant Nelson's Fifth Amendment rights are no longer implicated would place a significant burden on Defendants, and on the Court's docket as well, considering the unknown number of deadlines that would have to be extended once Defendants know which discovery would have to be duplicated.")

Plaintiffs have so far only been able to cause one of the five named defendants to appear in this action. Their delays and service hiccups make it extremely difficult for them to show that they actually have an interest in "proceeding expeditiously with this litigation" as they have not established an interest in, or even a basis, to proceed against a solitary, secondary defendant. *Keating*, 45 F.3d at 324. Assuming that Plaintiffs are entitled to any compensation, there is no harm in staying this matter as any amount potentially due would necessarily involve the other defendants, none of whom have appeared and may not have even been served properly. Plaintiffs have obtained an entry of default against one other defendant but do not appear to have taken further action.

//
//
//
//
//
//
//
//

### III. CONCLUSION

Plaintiffs fall well short of meeting their burden to demonstrate that this Court has personal jurisdiction over Mr. Goettsche. For this reason alone, the Court may dismiss this case *with prejudice* pursuant to Fed. R. Civ. P. 12(b)(2). It is additionally clear that Plaintiffs cannot state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Solely in the alternative, the Court may stay this case pending Mr. Goettsche's criminal case in the District of New Jersey. Thus, Mr. Goettsche respectfully requests the Court GRANT his Motion to Dismiss.

DATED: April 13, 2021.

McDONALD CARANO LLP

*/s/ Adam Hosmer-Henner*
Adam Hosmer-Henner, Esq. (NSBN 12779)
Phil Mannelly, Esq. (NSBN 14236)
Chelsea Latino, Esq. (NSBN 14227)
100 West Liberty Street, 10th Floor
Reno, NV 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com
clatino@mcdonaldcarano.com

Benjamin J.A. Sauter (*admitted pro hac vice*)
Amanda N. Tuminelli (*admitted pro hac vice*)
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
(212) 488-1288
benjamin.sauter@kobrekim.com
amanda.tuminelli@kobrekim.com

*Attorneys for Defendant Matthew Brent Goettsche*