1  P. STERLING KERR, ESQ.
   Nevada Bar No. 3978
2  TAYLOR SIMPSON, ESQ.
   Nevada Bar No. 13956
3  KERR SIMPSON ATTORNEYS AT LAW
4  2900 W. Horizon Ridge Parkway, Suite 200
   Henderson, Nevada 89052
5  Telephone No. (702) 451-2055
   Facsimile No. (702) 451-2077
6  Email: sterling@kerrsimpsonlaw.com
   Email: taylor@kerrsimpsonlaw.com
7  *Attorneys for Plaintiff*

8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

11  MINA DE ORO, LLC, a Nevada limited          Case No.:  2:20-cv-00994-CDS-VCF
    liability company; THE TOY CHEST, LLC a
12  Nevada limited liability company,
                            Plaintiffs,
13
    v.                                          **PLAINTIFFS' OPPOSITION TO**
14                                              **DEFENDANT MATTHEW BRENT**
    MATTHEW BRENT GOETTSCHE, an                 **GOETTSCHE'S MOTION TO DISMISS**
15  individual, JOBEDIAH SINCLAIR WEEKS, an
    individual, JOSEPH FRANK ABEL, an
16  individual, SILVIU CATALIN BALACI, an
    individual, BITCLUB, an unknown entity, and
17  DOE and ROE Corporations,

18                          Defendants.

19

20          COMES NOW Plaintiffs, MINA DE ORO, LLC and THE TOY CHEST, LLC, by and

21  through their attorneys P. STERLING KERR ESQ. and TAYLOR SIMPSON, ESQ. of KERR

22  SIMPSON ATTORNEYS AT LAW, and hereby oppose Defendant Matthew Brent Goettsche's

23  (hereinafter "Goettsche") Motion to Dismiss.

24

25  / / /

26  / / /

27

28

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

This Opposition is made and based upon all the papers and pleadings on file herein, the Points and Authorities attached hereto, and such oral argument as may be adduced at a hearing of this matter.

DATED this 16th day of May, 2022.

KERR SIMPSON ATTORNEYS AT LAW

/s/ P. Sterling Kerr, Esq
P. STERLING KERR, ESQ.
Nevada Bar No. 003978
TAYLOR SIMPSON, ESQ.
Nevada Bar No. 13956
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89052
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@kerrsimpsonlaw.com
Email: taylor@kerrsimpsonlaw.com
*Attorneys for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

The Court should deny Goettsche's Motion to Dismiss as Goettsche's contacts with Nevada are sufficient for the Court to exercise both general and specific personal jurisdiction over him. The instant case is an investment fraud case where Goettsche, the ringleader, and his collaborators solicited over $700 million dollars from investors to be allegedly used to invest in cryptocurrency. Goettsche and his cohorts absconded with the bulk of the funds and Goettsche is facing criminal prosecution in New Jersey for his fraudulent conduct. Now, Goettsche seeks to sidestep civil liability for his duplicitous actions via his Motion to Dismiss.

Goettsche's Motion is without merit and outright misrepresents the facts. Goettsche's contacts with Nevada are sufficient for the Court to exercise both general and specific personal jurisdiction. Goettsche purposefully directed his conduct towards, and purposefully availed

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

himself of the privileges and benefits of Nevada when he established at least two entities in Nevada where he served as both the President and the director. In addition to managing companies in Nevada, the First Amended Complaint indicates that Goettsche retained and conspired with Mr. Beckstead, a Nevada CPA to further his Ponzi scheme. As Goettsche's agent, Beckstead filed fraudulent tax returns in Nevada for which Beckstead has faced criminal prosecution. Goettsche converted Plaintiffs' and other victims' investment funds to acquire real estate in Nevada for his own personal gain. Thus, Goettsche's contacts with Nevada are sufficient for the Court to exercise jurisdiction over him. In the alternative, Plaintiffs request the Court grant Plaintiffs leave to conduct jurisdictional discovery and/or to amend their First Amended Complaint.

The Court should further deny Goettsche's Motion for dismissal pursuant to the Membership Agreement because Goettsche individually was not a party to said agreement. Goettsche cannot assert a right to arbitrate under a Membership Agreement when the contracting party, Bitclub, has not made an appearance in the case and has not raised the issue. Furthermore, even if Goettsche had standing to assert the Membership Agreement's alternative dispute resolution provisions, Plaintiffs attempted to mediate the issue with Goettsche, however, Goettsche spurned all of Plaintiffs' attempts to mediate the matter. Finally, the Court should deny Goettsche's Motion as to staying the case pending his criminal prosecution.

## II.  STATEMENT OF FACTS

### a.  Factual Background[1]

During the spring of 2018, Defendants engaged in direct and indirect solicitation of the Plaintiff entities to participate in a Bitcoin ("BTC") related multi-level BTC mining scheme ("the Bitclub Offering") by offering for sale positions in a multi-level matrix and shares of BTC

---

[1] The Facts set forth in this Section are based upon the Facts in Plaintiffs' First Amended Complaint.

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

mining business issued by Defendants. Defendants engaged in these private and public solicitations through a website (www.bitclub.com ("Bitclub") wherein the Defendants created and maintained a website for the Bitclub Offering, and through independent business operators within the Bitclub scheme through the means or instrumentalities of interstate commerce, including email and the internet.

In connection with the Bitclub Offering, Defendants had and owed to Plaintiff entities a duty to disclose and provide truthful and honest facts and information concerning the Bitclub Offering. In an effort to solicit the Plaintiff entities and to induce them into investing in the Bitclub Offering, Defendants, acting both individually and as the controlling members of the Bitclub Scheme made the following untrue statements of material fact to Plaintiffs (the "Bitclub Misrepresentations"):

(a) misleading figures regarding the amount of crypto currency mining operations in place;

(b) misleading figures regarding the amount of crypto currency being mined at Bitclub controlled mining operations;

(c) misleading figures and documentation regarding the amount of future profit to be derived from the Bitcoin mining operations;

(d) fraudulent statements from Defendants and Defendants' independent business operators within the multi-level marketing scheme regarding commissions to be paid for joining the Bitclub Scheme and recruiting others to join the Bitclub Scheme and invest in the Bitclub Offering;

(e) misleading statements regarding future operations and investments by the Bitclub management;

(f) untrue and misleading statements regarding access to funds invested in the

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

Bitclub Offering through an internet based website.

At the time the Bitclub Misrepresentations were made to Plaintiffs by the Defendants, the Defendants also knew, or reasonably should have known, of the following materials facts that Defendants omitted to communicate to the Plaintiffs ("the Bitclub Omissions"):

(a)   risk involved in crypto currency mining operations concerning costs of mining, reduced mining rewards because of competition and volatility of the BTC and crypto currency markets;

(b)   illegality of the Bitclub Scheme as it relates to the multi-level marketing scheme;

(c)   illegality of the Bitclub Offering and failure of Bitclub and Defendants to register the Bitclub Offering as a security with the Securities Exchange Commission and the State of Nevada Securities Division;

(d)   that proceeds from the Bitclub Offering and the multi-level Bitclub Scheme were being converted by the Defendants for their personal use rather than the acquisition of promised crypto currency mining equipment.

In reasonable and justified reliance upon the Bitclub Misrepresentations and Bitclub Omissions made by Defendants, each of the Plaintiffs transmitted BTC or cash to Defendants to purchase a specified amount of the Bitclub Offering as follows:

(a)   Plaintiff, MINA DEL ORO, LLC, invested $250,000.00 USD to a Bitclub representative for purchase of the Bitclub Offering;

(b)   Plaintiff THE TOY CHEST, LLC, invested $250,000.00 USD to a Bitclub representative for purchase of the Bitclub Offering.

In reasonable and justified reliance upon the Bitclub Misrepresentations and Bitclub Omissions made by Defendants, the Defendants presented and each of the Plaintiffs entered into

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

a Bitclub Scheme investor contract as set forth in the Bitclub Scheme website ("Bitclub Contract"). Plaintiffs would not have purchased the Bitclub Offering or entered into the Investor Contracts if Plaintiffs had known that the Bitclub Misrepresentations were false or if Plaintiffs had been aware of the Bitclub Omissions.

Subsequent to their solicitation and sale of the Biclub Offering to Plaintiffs, Defendants have materially breached and defaulted on their obligations to Plaintiffs under the parties' contracts by, among other actions:

(a) failing and refusing to pay dividends, bonuses and other compensation due to the Plaintiffs as required by the investor contracts;

(b) repeatedly misrepresenting and concealing the true nature and status of the Plaintiff's investments in Bitclub as well as the finances, operations and legal status of Bitclub; and

(c) violating various state and federal laws in connection with the offer and sale of the Bitclub Offering to the Plaintiffs and other investors in Bitclub.

As a direct and proximate consequence of the Defendants' unlawful conduct as described herein, the Plaintiffs have and will continue to incur substantial damages. The Plaintiff's damages from the loss of their investment due to the Defendants' actions and inactions include the $250,000.00 USD investment of each of the Plaintiffs and the mined BTC and loss of investment returns given the value of BTC currently, excluding unpaid dividends, interest, attorney's fees and costs of litigation.

Plaintiffs have made repeated demands upon Defendants to rescind the unlawful transactions at issue and to return the monies that Defendants fraudulently obtained from Plaintiffs. To date, Defendants have shut down the Bitclub website and failed and refused to return the Plaintiffs' monies and have continued to engage in their unlawful actions and

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

inactions. Plaintiffs have fulfilled or performed all conditions precedent to the filing of this action, and/or such conditions precedent have been waived by Defendants.

### b. Jurisdictional Facts[2]

This Court has personal jurisdiction over Defendants, in Nevada because:

a) The Plaintiff entities are Nevada entities and the solicitations to purchase fraudulent securities occurred in the State of Nevada to the managers and members of these entities at the direction of Defendant Goettsche.

b) The Defendants and specifically, Defendant Goettsche, during a period from April 2014 through December 2019 engaged in a fraudulent scheme that solicited money from investors in exchange for purported cryptocurrency mining pools and rewarded investors for recruiting other new investors into the scheme.  In a recent press release from the US Attorneys Office in the District of New Jersey, the US attorney announced that Gordon Beckstead, a resident of Henderson, Nevada, had pleaded guilty to conspiracy to commit money laundering and aiding in the preparation of a false tax return.  As part of the guilty plea Beckstead admitted conspiring with Goettsche and others to launder funds earned by Goettsche through his operation of the Bitclub Network.  Beckstead stated that at Goettsche's direction, that Beckstead created and controlled various entities that were used by Goettsche and others to shield Goettsche's association with the Bitclub Network and to disguise income derived from the Bitclub Network.

c) The fraudulent tax returns for the benefit of Goettsche were prepared by his CPA Beckstead in the State of Nevada and the conspiracy was directed by Goettsche in the State of Nevada with Nevada individuals.

d) Beckstead the former Nevada CPA set up various Nevada entities wherein Goettsche held assets purchased with the fraudulent funds obtained by operating the Bitclub Network

---

[2] The Facts in this Section are based upon the facts set forth in the Jurisdiction and Venue section of Plaintiffs' First Amended Complaint.

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

scheme. Goettsche directed Beckstead to set up the Nevada entities and directed the purchase of the assets with the fraudulent Bitclub Network funds, including real estate located in Nevada.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a defendant, by way of motion, to assert the defense that a court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). Once a defendant raises personal jurisdiction as a defense, the burden then falls on the plaintiff to prove sufficient facts to establish that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). A plaintiff may carry this burden by presenting sufficient evidence to establish that: 1) personal jurisdiction is proper under the laws of the state where it is asserted; and 2) the exercise of jurisdiction does not violate the defendant's right to due process secured by the United States Constitution. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995); *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404-05 (9th Cir. 1994). To overcome a motion to dismiss for lack of personal jurisdiction, a plaintiff need only make "a *prima facie* showing of jurisdictional facts." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting *Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001)). Furthermore, when analyzing such a motion to dismiss, "the court resolves all disputed facts in favor of the plaintiff." *Id.*

When no federal statute applies to the determination of personal jurisdiction, the law of the state in which the district court sits applies. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Because Nevada's long-arm statute reaches the outer limits of federal constitutional due process, courts in Nevada need only assess constitutional principles of due process when determining personal jurisdiction. *See* Nev. Rev. Stat. § 14.065; *Galatz v. Eighth Judicial Dist. Court*, 683 P.2d 26, 28 (Nev. 1984).

Due process requires that a non-resident defendant have minimum contacts with the forum such that the "maintenance of the suit will not offend 'traditional notions of fair play and

substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts can give rise to either general or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). General jurisdiction exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984)). Specific jurisdiction exists where claims "arise out of" or "relate to" the contacts with the forum, even if those contacts are "isolated or sporadic." *Id.*

## IV. LEGAL ARGUMENT

### a. The Court May Exercise General Jurisdiction Over Goettsche Because Goettsche Has Engaged in Continuous and Systematic General Business Contacts in Nevada.

For general jurisdiction to exist over a nonresident defendant, the defendant must engage in continuous and systematic general business contacts that approximately physical presence in the forum state. *Schwarzenneger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). In determining whether to exercise general jurisdiction, the Court should take into consideration factors such as whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Here, Goettsche's contacts with Nevada are sufficient to enable this Court to exercise general jurisdiction over him. A simple name search with the Nevada Secretary of State[3] indicates that Goettsche is a president/director of two Nevada entities dating back to 2011. *See*

---

[3] It should be noted that a name search through the Nevada Secretary of State website will only discover entities for which the searched individual is part of the management structure, it will not locate entities for which Goettsche is only a non-managing member/stockholder. Further discovery is necessary to determine the extent of Goettsche's Nevada corporate holdings.

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

Nevada Secretary of State Search Details attached hereto as **Exhibit 1**. Each of the entities and Nevada corporations where Goettsche is indicated as the President and Director. See Secretary of State Entity Details attached as **Exhibits 2 and 3** respectively. One of the entities is named Cryptoback Inc., which was formed on or about October 15, 2015, and is likely one of the entities which Goettsche and his cohorts used to money-launder Plaintiffs' and other victims' investment capital. *See* Exhibit 2. Just as is set forth in the First Amended Complaint, each of the entities designates Goettsche's money launderer Beckstead as the registered agent. *See* Exhibits 2 and 3. While the entities are currently both revoked, likely as a result of certain of the Defendant conspirators facing criminal prosecution associated with their financial crimes from operating the subject investment fraud scheme, it seems that at least from 2015 until approximately 2019, Cryptoback, Inc. held a valid business license to operate within the State of Nevada. *Id.* Moreover, Goettsche and the other Defendants solicited Nevada investors including Plaintiffs.

The factors set forth in *Bancroft* are all present in the present case. Goettsche and his co-conspirators solicited Nevada investors, conducted business in Nevada through their entities, purchased real estate in Nevada, laundered the money in Nevada that they fraudulently obtained from investors including Plaintiffs, formed Nevada entities, incorporated in Nevada, filed fraudulent tax returns, designated their money launderer Beckstead as the registered agent, and held business licenses in Nevada. Under Bancroft and other federal jurisprudence, Goettsche's continuous and systematic contacts are sufficient to enable this Court to exercise general jurisdiction over him and the other Defendants.

> **b. Alternatively, the Court May Exercise Specific Jurisdiction Over Goettsche Because Goettsche has Sufficient Minimum Contacts with Nevada.**

In the event the Court does not find that it has general jurisdiction over Goettsche, the Court should deny Goettsche's Motion to Dismiss as Goettsche has sufficient contacts with

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

Nevada for the Court to exercise specific personal jurisdiction over him. Specific personal jurisdiction refers to "jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claims." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). Personal jurisdiction must arise out of "contacts that the defendant *himself* creates with the forum State." *Waldon v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotations omitted). Further, personal jurisdiction cannot be established from the conduct of a plaintiff or third parties within the forum. *Id.* In other words, "the plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285.

Courts utilize a three-prong test to analyze whether the assertion of specific personal jurisdiction in a given forum is proper:

> (1) The non-resident defendant must [a] purposefully direct his activities or consummate some transaction with the forum or resident thereof; or [b] perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenneger*, 374 F.3d 797 at 802.

The plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.* citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476-78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In a securities case, the first prong of the specific jurisdiction analysis may be established either by purposeful direction or purposeful availment. *See, e.g.*, *SEC v. Jammin' Java Corp.*, No. 2:15-cv-08921-SVW-MRW, 2016 U.S. Dist. LEXIS 184773, at *23 (C.D. Cal. July 18, 2016). The brief will address each of the three prongs in turn.

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

### i. Goettsche Purposefully Directed his actions towards Nevada and purposefully availed himself of the privileges and benefits of Nevada's laws.

In conducting his scheme to defraud Plaintiffs of their investment capital, Goettsche purposefully directed his conduct towards Nevada and purposefully availed himself of the privileges, benefits, and protections of Nevada's laws. A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum. *Schwarzenegger*, 374 F.3d 797 at 802 (citing *Hanson v. Denckla*, 357 U.S. 234, 253 (1958)). A showing that a defendant purposefully directed his conduct toward a forum state usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere. *Id.* at 803.

Here, Goettsche purposefully directed his conduct towards Nevada. The First Amended Complaint states that Goettsche, in furtherance of his Ponzi scheme, solicited funds from Plaintiffs (Nevada entities) collectively in the amount of $500,000. *See* First Amended Complaint at pgs. 2-3. Goettsche set up an interactive website that was aimed at garnering investors, including Nevada residents. Goettsche conspired with a Nevada CPA to launder funds in Nevada that he had garnered from Plaintiffs and other unfortunate victims. *Id.* at 3. Goettsche conspired to set up various entities in Nevada that were to be used to shield Goettsche association with the Bitclub Network and disguise income derived from the Bitclub Network. *Id.* Goettsche retained a Nevada CPA and filed fraudulent tax returns that were prepared in Nevada, likely reporting income derived from Nevada the income streams from. *Id.* Goettsche further purchased assets including real estate in Nevada with the funds he fraudulently obtained from Plaintiffs and the other victims of the Bitclub Network. *Id.* Thus, the First Amended Complaint properly sets forth facts sufficiently demonstrating Goettsche purposefully directed his activities

towards the State of Nevada.

Goettsche further purposefully availed himself of the privileges, benefits, and protections of Nevada's laws. This brief fully incorporates the analysis from the General Jurisdiction section above. Furthermore, the First Amended Complaint states that Goettsche operated a Ponzi scheme by soliciting Nevada investors and diverting their funds to Nevada entities he caused to be established. *Id.* Goettsche purposefully availed himself of Nevada's protections because his Nevada entities were to be used to shield Goettsche association with the Bitclub Network and disguise income derived from the Bitclub Network. *Id.* Goettsche retained a Nevada CPA and filed fraudulent tax returns that were prepared in Nevada, likely reporting income derived from Nevada asset income streams. *Id.* Therefore, Goettsche both purposefully directed his fraudulent activities at Nevada and also purposefully availed himself of the privileges, benefits, and protections of Nevada's laws.

### ii. Plaintiffs' Claims Arise Out of Goettsche and the Other Defendants' Forum Related Activities.

The Court should deny Goettsche's Motion because Plaintiffs' claims arise out of Goettsche and the other Defendants' activities in the State of Nevada. The Second prong of the specific jurisdiction test is that the contacts constituting purposeful availment must be the ones that give rise to the current suit. *See* Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1088 (9th Cir. 2000).  In the Ninth Circuit, the requirement is measure in terms of "but for" causation. *Id.*, *see also* Ziegler v. Indian River County, 64 F.3d 470, 474 (9th Cir. 1995).

Here, Plaintiffs claims arise out of Goettsche and the other Defendants' Nevada activities. Goettsche operated a fraudulent bitcoin investment scheme primarily based out of Nevada. Bitclub operated an interactive website that solicited investors, including Nevada investors such as Plaintiffs. Before fraudulently inducing Plaintiffs to invest their hard-earned capital, Goettsche knew the Plaintiffs to be Nevada entities. Goettsche's scheme to defraud Plaintiffs included

KERR SIMPSON ATTORNEYS AT LAW

2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

funneling Plaintiffs' and other victims' money into Nevada where he established business entities for the purpose of concealing the ill-gotten gains, transacted business, filed fraudulent tax returns, and purchased real estate. Nevada was key to Goettsche's Ponzi scheme in that it was the physical forum for where the scheme was carried out. The investors were Nevada entities, the capital was invested into the Bitclub network where it was fraudulently taken and converted to Goettsche's and the other Defendants' personal use in Nevada. But for Goettsche's Nevada conduct, Plaintiffs would not have suffered the damages alleged. Therefore, Plaintiffs' claims against Goettsche arise out of Goettsche's duplicitous conduct in Nevada.

### iii. Exercising Jurisdiction Over Goettsche Comports with Fair Play and Substantial Justice.

The Court should deny Goettsche's Motion and exercise jurisdiction because the exercise of jurisdiction is reasonable. Given that Plaintiffs have satisfied the first two prongs of the personal jurisdiction test, the burden now shifts to Goettsche to show that exercising jurisdiction would be unreasonable. *Schwarzenegger*, 374 F.3d 797 at 802. In determining whether the exercise of jurisdiction comports with fair play and substantial justice, the Ninth Circuit evaluates seven factors: 1) the extent of the defendant's purposeful injection in the forum state's affairs; 2) the burden on the defendant of defending in the forum; 3) the extent of conflict with the sovereignty of the defendant's state; 4) the forum state's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the controversy; 6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum. *Dole Food Co., Inc., v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002).

Here, the exercise of jurisdiction over Goettsche comports with fair play and substantial justice. Goettsche's purposeful injection in Nevada is substantial because Goettsche and his accomplices operated a Ponzi scheme that primarily took place in Nevada. They solicited Nevada entities and took Plaintiffs' investment capital under false representations and converted

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

it for Goettsche and his co-conspirators' personal use.

Goettsche's burden of defending the instant lawsuit is low. Goettsche is already facing criminal prosecution in New Jersey. Goettsche allegedly resides in Colorado. However, a substantial amount of his holdings are in Nevada. The several of the witnesses including the money man Beckstead are located in Nevada thus making it more convenient to conduct discovery and take depositions.

The extent of conflict with the sovereignty of the defendant's state is extremely minimal. As stated above, Goettsche is already facing criminal prosecution in New Jersey for his actions in this matter. A substantial part of the fraud scheme physically took place in Nevada. The victims of Goettsche's duplicitous conduct in the instant case are Nevada entities. Colorado has almost no stake in seeing justice carried out. Thus there the extent of conflict with Colorado's sovereignty is incredibly low. Conversely Nevada has a substantial interest in seeing justice carried out. The Plaintiffs are Nevada entities. Nevada public policy strongly supports seeing perpetrators of fraud against its citizens, both natural and corporate, be brought to justice and make the victims whole.

Nevada federal court is the most efficient forum to seek judicial resolution of the controversy and provides the most convenient and effective relief to Plaintiffs. Goettsche is a citizen of Colorado while the Plaintiffs are Nevada entities. Rather than have the matter heard in either State's court, the matter is brought in the U.S. District Court, District of Nevada which is an impartial forum. As mentioned above, several of the witnesses are Nevada residents/entities and Nevada provides the most convenient forum to adjudicate the matter. Plaintiffs, the victims of Goettsche and his accomplices fraudulent conduct, should not be forced to litigate the matter in a distant jurisdiction such as Colorado or New Jersey. The harm that Plaintiffs felt was felt in Nevada. Furthermore, it appears that once a judgment is obtained against Goettsche and his

KERR SIMPSON ATTORNEYS AT LAW

2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

collaborators, collection will likely predominantly take place in Nevada. Having to litigate in a distant forum, obtain a judgment, and then be compelled to domesticate said judgment right back in Nevada unreasonably complicates Plaintiffs' means of obtaining swift and just relief.

Plaintiffs concede that there is an alternative forum which is Colorado, Goettsche's resident state. However, Plaintiff should not be compelled to litigate in Colorado when Goettsche intentionally fraudulently induced Nevada entities into parting with their investment capital and converted the same for his own personal use in Nevada. Similar to the factors set forth above, Nevada has a much more compelling interest in providing a forum whereby Plaintiffs can pursue justice for the damages inflicted upon them by Goettsche and his collaborators. Furthermore, the damage was felt in Nevada. Therefore, the factors analyzed in this section speak strongly in favor of the Court exercising jurisdiction over Goettsche.

### c. Goettsche Arguments Against the Court Exercising Jurisdiction Over Him are Without Merit or are Blatantly False.

In attempt to evade justice and sidestep much deserved civil liability, Goettsche offers four "dispositive reasons" as to why personal jurisdiction over him is allegedly improper. *See* Goettsche's Motion at pgs. 8-12. Each of the arguments is without merit or is an outright misrepresentation to this Court. This Brief shall address each of Goettsche's arguments in order.

First, Goettsche argues that the First Amended Complaint impermissibly lumps all of the Defendants together and fails to allege any of Goettsche's personal contacts with Nevada. *Id.* at p. 8. Goettsche's arguments are demonstrably false. The First Amended Complaint states that Goettsche had continuous and systematic contacts in the State of Nevada such that general jurisdiction is proper. Goettsche established at least two entities that Plaintiffs are aware of in Nevada. Goettsche served as both of the entities' president and director. Goettsche conspired with and retained a licensed CPA in Nevada to carry out his Ponzi scheme of defrauding investors of their capital to convert it to his own personal use in Nevada. Goettsche designated

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

his CPA as the registered agent for the said entities in Nevada. Goettsche had Beckstead file fraudulent tax returns in the State of Nevada. Goettsche purchased real property in the State of Nevada with Plaintiffs' and the other victims' investment funds for his own use and benefit. Goettsche's personal contacts in Nevada are systematic and continuous enough to grant general jurisdiction. Goettsche's arguments that the First Amended Complaint fails to allege his personal contacts with Nevada is categorically false.

Second, Goettsche alleges that "the only link alleged between [Goettsche] and Nevada that actually relates to the causes of action asserted in this action is the Nevada Plaintiffs' themselves." *Id.* at p. 9. For the same reasons set forth in Argument Point No. 1 above, Goettsche's argument is wholly without merit. For Goettsche to argue otherwise is a blatant misrepresentation to this Court.

Third, Goettsche alleges that the contacts alleged in the First Amended Complaint do not establish purposeful direction. *Id.* at pgs. 9-11. Quite to the contrary, the First Amended Complaint properly demonstrates that Goettsche purposefully directed his conduct towards Nevada. The First Amended Complaint states that Goettsche, in furtherance of his Ponzi scheme, solicited funds from Plaintiffs (Nevada entities) collectively in the amount of $500,000. *See* First Amended Complaint at pgs. 2-3. Goettsche set up an interactive website that was aimed at garnering investors, including Nevada residents. Goettsche conspired with a Nevada CPA to launder funds in Nevada that he had garnered from Plaintiffs and other unfortunate victims. *Id.* at 3. Goettsche conspired to set up various entities in Nevada that were to be used to shield Goettsche association with the Bitclub Network and disguise income derived from the Bitclub Network. *Id.* Goettsche retained a Nevada CPA and filed fraudulent tax returns that were prepared in Nevada, likely reporting income derived from Nevada the income streams from. *Id.* Goettsche further purchased assets including real estate in Nevada with the funds he fraudulently

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

obtained from Plaintiffs and the other victims of the Bitclub Network. *Id.* Thus, the First Amended Complaint properly sets forth facts sufficiently demonstrating Goettsche purposefully directed his activities towards the State of Nevada.

Fourth, Goettsche erroneously argues that the allegations regarding Beckstead "do nothing to change the jurisdictional analysis." Goettsche's Motion at p. 11. Goettsche argument is flawed in that the First Amended Complaint does not stop short at simply alleging that Goettsche's only contact with Nevada was to hire a CPA. Rather, Goettsche solicited Nevada entities for investment capital, set up an interactive website aimed at soliciting investors, including Nevada investors, conspired with and retained a Nevada entity, set up and managed Nevada entities which were purposed with laundering the victims' investment capital, filed fraudulent tax returns in Nevada, and purchased real estate with the victims' investment capital. *See* First Amended Complaint at p. 3. Contrary to Goettsche's objectively false allegations, the First Amended Complaint shows that Goettsche did far more than simply retaining a CPA in Nevada. Nevada was a crucial component of Goettsche's Ponzi scheme wherein he conducted a variety of fraudulent business activity. Therefore, Goettsche's four "dispositive reasons" as to why personal jurisdiction is improper are without merit or are bald-faced misrepresentations to this Court.

### d. Alternatively, Plaintiffs' Request Leave of the Court to Conduct Jurisdictional Discovery to Ascertain the Extent of Goettsche's Nevada Contacts and/or Grant Leave to Amend.

Plaintiffs have properly demonstrated to this Court that Goettsche's contacts with the State of Nevada are such that the Court may exercise both general and specific personal jurisdiction over him. However, in the alternative, Plaintiffs request that the Court grant Plaintiff leave to conduct jurisdictional discovery to ascertain the full extent of Goettsche's Nevada Contacts or grant Plaintiffs' leave to amend. Regarding requests for jurisdictional discovery, the

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

Ninth Circuit has articulated discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary. *Boschetto v. Hansin*, 539 F.3d 1011, 1020 (9th Cir. 2008). It is only appropriate to deny jurisdictional discovery when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction. *Am. W. Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989). Regarding leave to amend, FRCP 15(a) directs that leave shall be freely given to amend a pleading when justice so requires.

Here, Plaintiffs became associated with only likely a portion of Goettsche's Nevada contacts in the preparation of the First Amended Complaint. It is likely that Goettsche has substantially more contacts with Nevada in the extent of his business holdings, the extent and degree to which Plaintiffs funds were converted to Goettsche's personal use in Nevad, and so forth. In order to obtain a more satisfactory showing of facts that form the basis of jurisdiction in Nevada, Plaintiffs require jurisdictional discovery. Furthermore, insomuch that this Court finds the cause of action in Plaintiffs' First Amended Complaint to be improperly pled, Plaintiffs request leave of this Court to amend the First Amended Complaint accordingly.

> **e. The Court Should Deny Goettsche's Motion as to Dismissal Pursuant to the Arbitration Provision Because Goettsche Individually was not Party to the Agreement.**

The Court must deny Goettsche's Motion for dismissal pursuant to the arbitration clause because Goettsche individually was not party to the Membership Agreement and because Bitclub has not made an appearance in the case. The Court need look no farther than the fact that Goettsche is not a party to the Membership Agreement. *See* Goettsche's Exhibits A-B. Plaintiffs allege predominantly tort claims against Goettsche for his heading up and participation in a Ponzi scheme to defraud Plaintiffs and other innocent investors of their investment capital. Goettsche does not have standing under the Membership Agreement to assert the defense of

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

failure to comply with the Membership Agreement's alternative dispute resolution provisions. Bitclub would have to assert that defense, however, Bitclub has not made an appearance in this case. Thus, Goettsche is unable to the defense.

The Court should deny Goettsche's Motion for dismissal pursuant to the Membership Agreement's arbitration clause because Plaintiffs attempted in good faith to mediate the matter with Goettsche. However, Goettsche refused to even consider mediation. As such, it appears that the request for enforcement of the mediation clause is mere deception. Goettsche has no desire to mediate any claims against him. Therefore, the Court must deny Goettsche's Motion as to dismissal pursuant to the Membership Agreement's alternative dispute resolution provisions.

### f. The Court Should Not Stay the Matter Pending Goettsche's Criminal Proceedings.

The request, in the alternative, to stay the litigation pending the criminal matter, would, in effect, deny Plaintiffs of justice. To support his argument, Goettsche cites *Keating v. Office of Trust Supervision*, 45 F.3d 322 (9th Cir. 1995). This case involved notorious savings and loan fraudster Charles Keating, whose illegal activities led to severe political consequences. The court there set forth a six-factor test to determine whether a civil proceeding should be allowed to go forward while a criminal case was pending. Contrary to the argument of Goettsche, these factors do not weigh in his favor.

This matter involves an investment by Plaintiffs with Defendants of $500,000. Plaintiffs have been without their funds for years, while Defendants, including Goettsche, have taken full advantage of the money for their personal use and enjoyment, along with the money of many other investors. It is extremely important and proper that this matter proceed so that Plaintiffs can be compensated as soon as possible. Many other third parties have been impacted by the misdeeds of the Defendants and so there is general interest in this matter proceeding. Goettsche, while claiming difficulty affording to defend both the civil and criminal matter at the same time,

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone (702) 451-2055 Facsimile (702) 451-2077

nonetheless has multiple law firms on this matter and appears more than able to fund an ample defense of the litigation, both here and elsewhere. Therefore, this Court should not stay this litigation pending the outcome of the New Jersey criminal case.

## III.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Goettsche's Motion to Dismiss in its entirety as it is without merit. In the alternative, Plaintiffs request leave of the Court to conduct jurisdictional discovery and/or amend their First Amended Complaint if the Court finds it deficient in any way.

DATED this 16th day of May, 2022.

KERR SIMPSON ATTORNEYS AT LAW

/s/ P. Sterling Kerr, Esq.
P. STERLING KERR, ESQ.
Nevada Bar No. 003978
TAYLOR SIMPSON, ESQ.
Nevada Bar No. 13956
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89052
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@kerrsimpsonlaw.com
Email: taylor@kerrsimpsonlaw.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies on May 16, 2021, a true and correct copy of PLAINTIFFS' OPPOSITION TO DEFENDANT MATTHEW BRENT GOETTSCHE'S MOTION TO DISMISS was served to the following at their last known address(es), facsimile numbers and/or e-mail/other electronic means, pursuant to:

   __X__       **BY E-MAIL AND/OR ELECTRONIC MEANS**:  addressees (s) having consented to electronic service, I via e-mail, Electronic Service through the Court's electronic filing system, or other electronic means to the e-mail address(es) of the addressee(s).

Adam Hosmer-Henner, Esq
Phil Mannelly, Esq.
Chelsea Latino, Esq.
**McDonald Carano LLP**
100 West Reno, NV 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com
clatino@mcdonaldcarano.com

Benajmin J. A. Sauter
Amanda N. Tuminelli
**KOBRE & KIM LLP**
800 Third Avenue
New York, NY 10022
(212) 488-1288
Benjamin.sauter@kobrekim.com
Amanda.tuminelli@korbekim.com

                  _/s/ Lisa Peters_____
                  An employee of the KERR SIMPSON
                  ATTORNEYS AT LAW