UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Mina De Oro, LLC, and The Toy Chest, LLC,<br><br>　　　　　　Plaintiffs<br><br>　v.<br><br>Matthew Brent Goettsche, et al.,<br><br>　　　　　　Defendants | Case No.: 2:20-cv-00994-CDS-VCF<br><br>**Order Granting Defendant's<br>Motion to Dismiss**<br><br>[ECF No. 35] |

　　　This case involves alleged violations of federal securities law related to a multi-level bitcoin scheme. *See generally* First-Amended Complaint (FAC), ECF No. 33. Plaintiffs bring this action against defendants Matthew Brent Goettsche, *et al.* Last year, Goettsche filed a motion to dismiss the original complaint for lack of personal jurisdiction (ECF No. 21), which was granted. ECF No. 30. Plaintiffs then filed their FAC on April 18, 2022. Goettsche now moves to dismiss the FAC, re-asserting lack of personal jurisdiction. Plaintiffs aver that the inclusion of additional information regarding Goettsche's contacts with the state of Nevada in the FAC are sufficient to survive dismissal on jurisdictional grounds. Having considered the moving papers, and the reasons set forth herein, I grant defendant's motion to dismiss because the plaintiffs have not met their burden of demonstrating that this court has personal jurisdiction over Goettsche.

**I.　　Background information**

　　　I incorporate the summary of the case as set forth in the Honorable United States District Judge Gloria M. Navarro's order dismissing the original complaint in Goettsche's favor. ECF No. 30 at 1–2. Following dismissal, plaintiffs filed an amended complaint (ECF No. 33),

modifying the original complaint by adding in the following information to the jurisdiction and venue section of the FAC:

1. The Plaintiff entities are Nevada entities and the solicitations to purchase fraudulent securities occurred in the State of Nevada to the managers and members of these entities at the direction of Defendant Goettsche. ECF No. 33 at 2.

2. The Defendants and specifically, Defendant Goettsche, during a period from April 2014 through December 2019 engaged in a fraudulent scheme that solicited money from investors in exchange for purported cryptocurrency mining pools and rewarded investors for recruiting other new investors into the scheme. In a recent press release from the US Attorney[']s office in the District of New Jersey, the US [A]ttorney announced that Gordon Beckstead, a resident of Henderson, Nevada, had pleaded guilty to conspiracy to commit money laundering and aiding in the preparation of a false tax return. As part of the guilty plea Beckstead admitted conspiring with Goettsche and others to launder funds earned by Goettsche through his operation of the Bitclub Network. Beckstead stated that at Goettsche's direction, that Beckstead created and controlled various entities that were used by Goettsche and others to shield Goettsche's association with the Bitclub Network and to disguise income derived from the Bitclub Network. *Id.* at 2–3.

3. The fraudulent tax returns for the benefit of Goettsche were prepared by his CPA Beckstead in the State of Nevada and the conspiracy was directed by Goettsche in the State of Nevada with Nevada individuals. *Id.* at 3.

4. Beckstead[,] the former Nevada CPA[,] set up various Nevada entities wherein Goettsche held assets purchased with the fraudulent funds obtained by operating the Bitclub Network scheme. Goettsche directed Beckstead to set up the Nevada entities and directed the purchase of the assets with the fraudulent Bitclub Network funds, including real estate located in Nevada. *Id.*

No additional information regarding Goettsche and his connections to Nevada were included in the FAC. Thereafter, Goettsche filed this motion, seeking dismissal under Federal Rule of Civil Procedure 12(b)(2), arguing that this court lacks general and specific jurisdiction over him. ECF No. 35. Plaintiff opposes the motion. ECF No. 37.

II. **Legal framework**

"Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (citing *Data Disc., Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 n.8 (9th Cir. 1977)). "When a defendant moves to

dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." *In re W. States Wholesale Nat. Gas Antitrust Litig. v. Oneok, Inc.*, 715 F.3d 716, 741 (9th Cir. 2013). In cases in which the motion is based on written materials, rather than an evidentiary hearing, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Bryton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009). In such a case, "we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). On a prima facie showing, the court resolves all contested facts in favor of the non-moving party. *Oneok*, 715 F.3d at 741; *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (if conflicted facts are contained in the parties' affidavits, the facts must be resolved in favor of the plaintiff for purposes of determining whether a prima facie case of personal jurisdiction has been established).

A plaintiff may not simply rest on the "bare allegations of [the] complaint." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). If the defendant presents evidence to contradict the allegations in the complaint, the plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction through affidavits or declarations. *See AT&T Co.*, 94 F.3d at 588; accord *Caruth*, 59 F.3d at 127–28 (absent an evidentiary hearing, this court "only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction.")).

"Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citations omitted). Nevada's long-arm statute, set forth at Nev. Rev. Stat. § 14.065, coincides with federal due process requirements. Those requirements mandate

that non-resident defendants have "minimum contacts" with Nevada "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). Personal jurisdiction can be either "general" or "specific." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984).

General personal jurisdiction is premised on a defendant's relationship to the forum state. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citation omitted). The defendant must engage in "continuous and systematic general business contacts," *Hall*, 466 U.S. at 416, that "approximate physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "The standard is met only by 'continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir.2011) (quoting *Int'l Shoe*, 326 U.S. at 318). In order to determine if a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, courts evaluate a number of factors, including their "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006). The standard for general jurisdiction "is an *exacting* standard, as it should be, because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801 (emphasis added). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different state." *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 137 S.Ct. 1773, 1780 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)). Specific jurisdiction, on the other hand, "focuses on the

4

relationship among the defendant, the forum, and the litigation." *Calder v. Jones*, 465 U.S. 783, 788 (1984) (internal quotation marks and citation omitted). In the Ninth Circuit, a three-part test is applied to determine whether the exercise of specific jurisdiction over a non-resident defendant is appropriate. *Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). First, the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. *Id.* Second, the claim must be one which arises out of or relates to the defendant's forum-related activities. *Id.* Finally, the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Id.*

### III. The parties' arguments

Goettsche argues that this court lacks both specific and general personal jurisdiction over him, despite the plaintiffs' additions to the FAC. *See generally* ECF No. 35. Specifically, Goettsche argues that the added language about him directing certain activities to customers in Nevada through a website and directing a separate money laundering conspiracy does not derive from, is not connected with, and does not arise from the federal securities violations and related state claims set forth in the FAC—thus, the court lacks specific jurisdiction. *Id.* at 7–8. Moreover, Goettsche contends that plaintiffs failed to cure the defect of lumping all the defendants together, as identified in Judge Navarro's dismissal order. ECF No. 30.

Plaintiffs respond that the FAC does, in fact, establish personal jurisdiction—both specific and general—over Goettsche. They identify four allegations from the FAC in support of their position. *See generally* ECF No. 37 at 7–8. First, plaintiffs claim that their entities are Nevada entities, and they received "solicitations to purchase fraudulent securities" "in the State of Nevada" "at the direction of [] Goettsche." *Id.* at 7. Second, plaintiffs incorporate information

5

from a press release from the United States Attorney's Office for the District of New Jersey, setting forth information regarding the actions of Gordon Beckstead, a Nevada resident, and his role in a criminal conspiracy involving Goettsche. *Id.* Third, plaintiffs claim that Beckstead prepared fraudulent tax returns for the benefit of Goettsche in the State of Nevada and that the aforementioned criminal "conspiracy was directed by Goettsche in the State of Nevada with Nevada individuals." *Id.* Last, plaintiffs assert that Beckstead set up various Nevada entities wherein Goettsche held assets, including real estate in Nevada, purchased with fraudulent funds from the unlawful Bitcoin scheme set forth in the FAC. *Id.* at 7–8.

In his reply,[1] Goettsche also argues that plaintiffs improperly add information and allegations beyond the four corners of the FAC that I therefore cannot consider in my resolution of this motion. ECF No. 38 at 4–6. Further, Goettsche argues that plaintiffs' allegations that Goettsche previously managed (now inactive) business entities[2] in Nevada—which were allegedly used to hold Nevada real estate and assets as part of a money laundering and tax fraud scheme—with a registered agent who is not part of this action, are insufficient to establish general jurisdiction. *Id.*

---

[1] Goettsche only addresses general jurisdiction in his reply because plaintiffs, for the first time, argue in their response that the court has both specific and general jurisdiction over him. In response to Goettsche's first motion to dismiss, plaintiffs conceded that there was no general jurisdiction. *See* ECF No. 28 ("Plaintiffs do not dispute that this [c]ourt does not have general jurisdiction over [] Goettsche."). I address plaintiffs' general-personal-jurisdiction argument below.

[2] I consider only what is contained within the four corners of the FAC. I decline to consider the exhibits that accompanied plaintiff's opposition to the motion. The court is allowed to inquire into "[the plaintiff's] pleadings and affidavits" to determine if there is a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). The exhibits are not affidavits, nor are they incorporated into affidavits, so I need not and do not consider them.

### IV. Discussion

*a. Plaintiffs have not met their burden of establishing that the court has jurisdiction.*

    *i. Specific jurisdiction*

Specific jurisdiction exists when a case "aris[es] out of or relate[s] to the **defendant's contacts** with the forum." *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414 n.8 (emphasis added). I am required to focus on the relationship between the nonresident defendant (Goettsche), the forum, and the litigation (*Walden v. Fiore*, 571 U.S. 277, 284 (2014)), and must decide if the "issues deriv[e] from, or [are] connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919 (internal quotation marks and citation omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the [s]tate." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781.

The only new information in the FAC discussing Goettsche is set forth under the header "Jurisdiction and Venue." ECF No. 33 at 2–3. Goettsche is not named or discussed in any other section of the complaint. I find that this additional information about Goettsche is insufficient to meet the Ninth Circuit's three-part test, as the plaintiffs have not demonstrated that Goettsche purposely availed himself of the forum state. *Schwarzenegger*, 374 F.3d at 802. Conclusorily stating that activities were conducted "at the direction of [] Goettsche" is not enough to meet the plaintiffs' jurisdictional burden. ECF No. 33 at 2.

The first allegation (that Goettsche directed to Nevada-resident plaintiffs solicitations to purchase fraudulent securities) does not demonstrate a purposeful activity or transaction with Nevada or its residents, nor does it demonstrate that Goettsche purposely availed himself of the privilege of conducting activities in Nevada. Like the original complaint, the FAC "does not explain how this solicitation was an act expressly aimed at Nevada, rather than an act generally aimed at anyone with access to the internet." ECF No. 30 at 5 (citing *Schwarzenegger*, 374 F.3d at

803). Consequently, "the only link between [] Goettsche and Nevada is his connection to [p]laintiffs, which is not enough to establish 'purposeful direction.'" *Id.* (citing *Walden*, 571 U.S. at 284). At best, it suggests that Goettsche directed *others* to solicit and sell fraudulent securities in Nevada and elsewhere. But the plaintiffs fail to plead any specific information about Goettsche's activities in, directed at, or connected to Nevada.

The remaining three allegations in the FAC suffer from the same deficiency. In fact, the second allegation fully sets forth how Beckstead engaged in purposeful activities or transitions within Nevada, but Beckstead's actions and activities are irrelevant, as he is neither a party to this case nor a Nevada resident. Plaintiffs argue that they specifically pled that Goettsche purposely directed conduct towards Nevada, but a review of the FAC reveals that it states that the **defendants** (generally, as a group) engaged in various activities related to the Bitcoin scheme. *See* ECF No. FAC at ¶¶ 6–59. Goettsche is not named or discussed in any other section of the complaint. Stated otherwise, plaintiffs failed to cure the defect in the original complaint of lumping all the defendants together. ECF No. 30 at 4. This lack of information precludes me from determining if Goettsche had sufficient contacts with Nevada or not. *See Marsh v. Zaazoon Solutions, LLC*, 2012 WL 92226, at *9 (N.D. Cal. Mar. 20, 2012) (finding that plaintiffs did not meet their burden to show specific personal jurisdiction over individual defendants when the second amended complaint was "devoid of any allegations of a specific act" and instead contained only allegations that the individual defendants who were principals and members of companies that operated the scam at issue and that the individual defendants actively participated in the misconduct).

The third allegation is likewise deficient; it provides no further information about how Goettsche allegedly purposefully availed himself of Nevada or how he "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum

state." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir.1990) (internal quotation marks and citation omitted). Like the second allegation, this information shows Beckstead's purposeful availment, not Goettsche's. Even if Goettsche benefited from Beckstead's action, it does not show how or when Goettsche conducted business in Nevada, nor does it demonstrate that he "performed some type of affirmative conduct which allows or promotes the transaction of business within [Nevada]." *Id.* (internal quotation marks and citation omitted).

The last allegation—that Beckstead set up various Nevada entities in which Goettsche held assets, including real estate, that were purchased with fraudulent funds from the unlawful Bitcoin scheme—fares no better in establishing specific personal jurisdiction over Goettsche. *Id.* at 7–8. For example, the plaintiffs plead no information regarding how, if, or when Goettsche traveled to Nevada to set up the unidentified entities or to buy the unidentified real estate or assets. Due process requires that "a defendant . . . have certain minimum contacts with [a forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316. Finding specific personal jurisdiction based on vague allegations without dates, times, or any other information regarding Goettsche's alleged contacts with Nevada would offend the traditional notions of fair play and substantial justice, as it would not be reasonable for him to expect being hauled into court in this forum. Accordingly, plaintiffs have failed to establish that this court has specific personal jurisdiction over Goettsche.

    ii. *General jurisdiction*

For this court to exercise general jurisdiction over Goettsche, the plaintiffs must show that he engaged in "continuous and systematic general business contacts" in the forum to the extent that those contacts essentially equate to an actual physical presence in the forum state. *Helicopteros Nacionales*, 466 U.S. at 416 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437

(1952)). The Ninth Circuit describes this as "an exacting standard" because it permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world. *Schwarzenegger*, 374 F.3d at 801 (9th Cir. 2004) (citing *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir.1986) (collecting cases in which general jurisdiction was lacking despite defendants' significant contacts with forum)). Plaintiffs have failed to meet the exacting standard establishing general jurisdiction over Goettsche. Instead, plaintiffs summarily assert that Goettsche engaged in continuous and systematic general business contacts in Nevada. In the mere one and a half paragraphs that plaintiffs include about asserting general jurisdiction over Goettsche, they do not provide this court with any admissible evidence to support their argument. Accordingly, plaintiffs have failed to establish that this court has general personal jurisdiction over Goettsche.[3]

   b. *Plaintiffs' request to conduct jurisdictional discovery is denied.*

   As an alternative to dismissal, plaintiffs seek to conduct jurisdictional discovery. ECF No. 37 at 18–19. District courts have broad discretion in controlling discovery. *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996). A district court should grant a request for jurisdictional discovery "whe[n] pertinent facts bearing on the question of jurisdiction are controverted or whe[n] a more satisfactory showing of the facts is necessary." *Data Disc., Inc.*, 557 F.2d at 1285 n.1 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). Courts within the Ninth Circuit require a plaintiff to establish a "colorable basis" for personal jurisdiction before granting jurisdictional discovery. *See, e.g.*, *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007); *Modesto City Schools v. Riso Kagaku Corp.*, 157 F. Supp. 2d 1128, 1130 (E.D. Cal. 2001). A "colorable showing" has been interpreted to mean something less than a

---

[3] Because I find that I lack personal jurisdiction over Goettsche, I do not address Goettsche's request to enforce the arbitration agreement or his request to stay the proceedings pending his criminal case in New Jersey.

prima facie showing but requires a plaintiff to come forward with "some evidence" tending to establish personal jurisdiction over the defendant." *Mitan*, 497 F. Supp. 2d at 1119. However, jurisdictional discovery need not be allowed if it is merely a "fishing expedition." *Barantsevich v. VTB Bank*, 954 F. Supp. 2d 972, 996 (C.D. Cal. May 29, 2013) (internal quotation marks and citations omitted). The Ninth Circuit has upheld denials of requests for jurisdictional discovery when "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (internal citation omitted).

Here, plaintiffs suggest that jurisdictional discovery *might* reveal that Goettsche has ties to Nevada and *might* reveal what, if any, of plaintiffs' monies were converted for Goettsche's personal use. ECF No. 37 at 19. This case has been pending for more than two years. Plaintiffs did not seek to conduct jurisdictional discovery in response to Goettsche's first motion to dismiss, nor did they seek that relief in relation to filing the FAC. Further, plaintiffs have not provided this court with any information regarding the substance of what they believe jurisdictional discovery would actually reveal, the scope of their discovery request, or what they would specifically seek if I granted jurisdictional discovery. Without more, and at this stage of litigation, I find that the plaintiffs' request for jurisdictional discovery appears to be fishing expedition and would therefore not be appropriate. Accordingly, plaintiffs' request is denied.

**V. Conclusion**

For the reasons set forth herein, Goettsche's motion to dismiss **(ECF No. 35) is GRANTED**.

DATED: October 17, 2022

_____
Cristina D. Silva
United States District Judge