P. STERLING KERR, ESQ.
Nevada Bar No. 3978
C. ROBERT PETERSON, ESQ.
Nevada Bar No. 11680
KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89052
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@kerrsimpsonlaw.com
Email: bob@kerrsimpsonlaw.wom
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MINA DE ORO, LLC, a Nevada limited liability company; THE TOY CHEST, LLC a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW BRENT GOETTSCHE, an individual, JOBEDIAH SINCLAIR WEEKS, an individual, JOSEPH FRANK ABEL, an individual, SILVIU CATALIN BALACI, an individual, BITCLUB, an unknown entity, and DOE and ROE Corporations,<br><br>Defendants. | Case No: 2:20-cv-00994<br><br>**APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JOBEDIAH SINCLAIR WEEKS** |

Plaintiffs, MINA DE ORO, LLC, and THE TOY CHEST, LLC, (hereinafter "Plaintiff"), by and through their counsel, the KERR SIMPSON ATTORNEYS AT LAW, hereby apply to this Court for Default Judgment Against Defendant JOBEDIAH SINCLAIR WEEKS, (hereafter "Weeks") in this case.

This Application is made pursuant to FRCP 55 on the grounds that a Default has been entered against said Defendant for failure to answer or otherwise defend against the allegations in the Complaint filed by the Plaintiff, and that said Defendant is not in the military service of the

United States nor an infant or incompetent person. **Declaration of C. Robert Peterson, Esq., Ex. "1".**

In support of this Application, Plaintiff relies on the Declaration of Counsel attached hereto, the Declarations of Lori (**Ex. "2"**) and Louis Diaz (**Ex. "3"**), and all records, papers, files and pleadings on file herein.

## MEMORANDUM OF POINTS AND AURTHORITIES

### A. Eitel Factors Weight in Favor of Default Judgment.

Plaintiff is entitled to Default Judgment against Jobediah Weeks because a weighing of the Eitel factors (Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)) weigh in factor of the entry of default judgment, specifically, "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits ("Eitel Factors")" Id.

### (1) The Possibility Of Prejudice To The Plaintiff

Plaintiff will be prejudiced if this Court does not enter default judgment. In October 2022, this Court ordered defendant Jobediah Sinclair Weeks to respond to the plaintiff's first-amended complaint by November 18, 2022. Dkt. 40 at 2. Mr. Weeks has failed to do so despite at one time being represented by counsel. Plaintiff would be prejudiced if default judgment is not granted because Mr. Weeks has completely failed to participate in this litigation despite having made an appearance and therefore unequivocally being on notice of the action.

### (2) The Merits Of Plaintiff's Substantive Claim

Plaintiffs' claims center around the Defendants', including Jobediah Weeks, cryptocurrency scheme wherein Defendants received $250,000 from each of the two Plaintiffs and promised to invest it in cryptocurrency. See Declarations of Lori and Louis Diaz, attached hereto as Exhibits "2" and "3", respectively. To date, no defendant has won on any issues that relate to the substance of the case. One defendant was able to achieve dismissal based on a lack of personal

jurisdiction. Plaintiff is likely to succeed on the merits.

### (3) The Sufficiency Of The Complaint

The Complaint is lengthy and detailed, going into great detail regarding the Defendants' fraudulent scheme to defraud Plaintiffs of a combined $500,000. Again, no defendant has been successful in attacking the merits of the case, the only successful attack relating to personal jurisdiction over one specific defendant.

### (4) The Sum Of Money At Stake In The Action

The sum of money in this case is significant, reaching $500,000, however, it is a sum certain based solely on the amount paid to defendants. Plaintiff is not seeking speculative damages based on promised investment returns, punitive damages or any other form of damages that may be difficult to ascertain.

### (5) The Possibility Of A Dispute Concerning Material Facts

Plaintiff does not believe there is a likelihood of a dispute concerning material facts. It is undisputed that $500,000 was paid to defendants. At no time did defendants return any money, or show proof that the money was put toward investment. To date, no defendant has successfully attacked the merits of the Complaint.

### (6) Whether The Default Was Due To Excusable Neglect

The default was not due to excusable neglect. Mr. Weeks initially retained counsel, and filed request for extension to respond. Despite having counsel at one time and successfully filing documents with the Court, Mr. Weeks failed to respond to the Complaint despite receiving an extension from the Court. A year and a half later, still no responsive pleading has been filed. Plaintiff is not using the default process to short circuit the normal litigation process. Rather, it is clear Mr. Weeks has no intent on participating in the litigation.

### (7) The Strong Policy Underlying The Federal Rules Of Civil Procedure Favoring Decisions On The Merits

Finally, although the Federal Rules of Civil Procedure favor decisions on the merits, here, Mr. Weeks has had every opportunity to participate in the litigation and defend the claims against him. He has utterly failed to do so and at this point, a year and a half after he was ordered to

answer, there simply is no way for this litigation to proceed on the merits as he does not intend to participate.  Again, this is not a case where Plaintiff is attempting to default a party a day after a deadline was missed.  Plaintiff has been more than patient in proceeding with default and this matter is now ripe for default judgment to be issued.

### B. Plaintiffs seek judgment of $250,000 in favor of each Plaintiff

Through this Default Judgment Application, Plaintiffs ask this Court to award damages to Plaintiffs for Breach of Contract, Violation of 17 CFR 240.10B-5, Violations of NRS 90.570 et. Seq., Fraud and Fraudulent Inducement and Unjust Enrichment in the amount of $250,000.00 for Plaintiff Mina De Oro, LLC and $250,000.00 for Plaintiff The Toy Chest, LLC. **Declaration of Manager of Mina De Oro, LLC, Ex. "2"** and **Declaration of Manager of The Toy Chest, LLC, Ex. "3".**

Defendant JOBEDIAH SINCLAIR WEEKS was ordered to file a responsive pleading on or before November 18, 2022. **Dkt. 40.** Default was entered against him on March 9, 2023. No responsive pleading has been filed by Weeks.  Based on the foregoing, Plaintiffs seek a default judgment against Mr. Weeks in the amount of $250,000 in favor of each Plaintiff.  This amount represents the amount paid by Plaintiff to Defendants as a result of Mr. Week's fraud and breach of contract as set forth in Plaintiffs' Complaint **Dkt. 1 at p.2-12.**

/ / /

/ / /

## II. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request default judgment be entered in the amount of $250,000 in favor of each Plaintiff and against Jobediah Weeks.

DATED: March 21, 2023.

                                                KERR SIMPSON ATTORNEYS AT LAW

/s. C. Robert Peterson
P. STERLING KERR, ESQ.
Nevada Bar No. 3978
C. ROBERT PETERSON, ESQ.
Nevada Bar No. 11680
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89052
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@kerrsimpsonlaw.com
Email: bob@kerrsimpsonlaw.com
*Attorneys for Plaintiff*